State of Mo. ex rel. Cir. Att'y Tenth Jud. Cir. v. C. G. & State Line R.R.

THE STATE OF MISSOURI *ex rel.* CIRCUIT ATTORNEY OF THE TENTH JUDICIAL CIRCUIT, Appellant, *v.* THE CAPE GIRARDEAU & STATE LINE RAILROAD, Respondent.

1. *Constitution, what acts under shall be declared invalid.*—The Supreme Court of this State will never declare an act of the Legislature invalid unless in their judgment its nullity and invalidity are placed beyond a reasonable doubt. It is presumed that they are constitutional unless they manifestly infringe on some of the provisions of the constitution.

2. *Constitution — Special legislation — Amendments to laws passed under old constitution.*—The act of December 31, 1859, incorporating the Cape Girardeau & State Line Railroad, was not void under article IV, ? 27, of the present constitution, as being an act of special legislation. That clause was obviously intended to have a prospective operation, and to apply only to laws passed after the adoption of the constitution. And the amendment of February 18, 1869, permitting the company to build the road to the State line through or near Bloomfield, was valid under section 3, article XI, of the constitution, which section empowered the Legislature to make subsequent amendments to charters already in operation.

*Appeal from Cape Girardeau Circuit Court.*

*L. Houck*, for appellant.

I. The Legislature has no power to amend a special act passed under the old constitution. (*a*) The object of the constitutional provisions (art. IV, § 27; art. VIII, § 4) was to prevent and inhibit special legislation. If this is so, then to say that the Legislature may not pass an act to incorporate, but may pass an act to amend an act of incorporation in existence, would make this provision of the constitution practically amount to nothing ; for if the Legislature may amend, it may to the extent of passing an entirely new law, except as to one section. Or it may at one session amend one half, and at a subsequent session the other half ; and thus the plain and positive prohibition of the fundamental law would be evaded. If the power to amend is not withheld, there is no limit to the power. (*Ex parte* Pritz, 9 Iowa, 33 ; Davis *et al.* v. Woolnaugh, *id.* 106 ; Hetherington v. Bissell *et al.*, 10 Iowa, 147; Baker *et al.* v. Steamer Milwaukee, 14 Iowa, 217; Atchison v. M. & C. R.R. Co., 15 Ohio St. 35 ; McGregor v. Baylies, 19 Iowa, 46 ; Atchison v. Bartholow, 4 Kan. 148.)

II. The amendment of the eighth section of the original act incorporating the Pilot Knob, Cape Girardeau & Belmont Railroad Company is a special law. (Blackst. Com. 86; State *ex. rel.* Home v. Wilcox, 45 Mo. 465; Dwarris on Stat. 465.)

III. A general law can be made applicable providing for the amendment of charters (Gen. Stat. 1865, p. 331), and the courts can determine whether such a general law can be made applicable.

IV. Even supposing this power of amendment to be vested in the Legislature, it does not extend further than to acts merely curative in their nature. The act of December, 1865, is not curative but rather creative. (Ang. & Ames on Corp., 9th ed., § 537 *et seq.*) The original purpose of the corporation was absolutely and entirely abandoned, and with this abandonment of its original aim and object it died. Under the guise of an amendment, however, it is sought to inject into the defunct concern a new existence. In effect, a new corporation is created by a special act. An amendment effecting this is certainly not curative but creative, and therefore a special law and within the constitutional inhibition.

*Thos. C. Fletcher*, for respondent.

I. The act of December 31, 1859, and the act amendatory thereof, passed February 18, 1869, were properly pleaded and constitute a complete defense to the proceeding. (Sess. Acts 1859-60, pp. 77, 429.)

II. The Legislature had power to pass an act amendatory of an act existing at the adoption of the constitution. (Const. Mo., art. XI, § 3.)

III. The amendment does not embrace any of the subjects in reference to which the constitution prohibits special legislation, either in terms or by implication. (Const. Mo., art. IV, § 28.)

IV. The Legislature had the power, it not being denied in the constitution, either expressly or by necessary implication. (Sears v. Cottrell, 5 Mich. 258.)

V. The constitution clearly confers the power upon the general assembly to give its assent to such requests by corporations as the one contained in the act of 1869. (Const. Mo., art. VIII, § 2.)

VI. The appellant having elected to abide by his demurrer in the court below, must abide by it here, and the questions raised by the demurrer are the only ones to be considered now. The only cause of demurrer assigned is that the act of 1869 is unconstitutional because it is a special act.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a *quo warranto* by the circuit attorney of the Tenth Judicial Circuit, to require the Cape Girardeau & State Line Railroad Company to show by what warrant or authority it claimed to have and exercise the franchises of a railroad company. The answer stated an incorporation by an act of the Legislature, approved December 31, 1859, by which the company was chartered, with the privilege of building a railroad from Cape Girardeau to Belmont, and an amendment to said charter, passed February 18, 1869, by which the company was, at its request, permitted to build its road to the State line, through or near Bloomfield.

There was a demurrer to the answer. It was heard and over-ruled. Plaintiff elected to abide by the demurrer, and judgment was given for the defendant. The only question presented by the record is whether the act of February 18, 1869, amendatory of the act of incorporation of the company, is unconstitutional and void, as being of a class of special legislation which the constitution prohibits the Legislature from enacting.

In some of the States where a constitutional provision exists prohibiting the Legislature from passing special enactments, it is held that a law cannot be amended by a special act, but that a general act must be framed applicable alike to all cases, which the body or corporation seeking the advantage of the law must avail itself of. In other States a different construction has been pursued. We know that the Legislature of this State has proceeded upon the theory that the prohibitory clause in the constitution did not extend to amendments to laws in force prior to its adoption.

When courts are called upon to pronounce the invalidity of an act of the Legislature, passed with all the forms and ceremonies requisite to give it force, they always approach the question

with great caution, and view it with the most careful and attentive deliberation, and never declare a statute void unless in their judgment its nullity and invalidity are placed beyond a reasonable doubt. No rule of construction is better established, both upon principle and authority, than that acts of the Legislature are to be presumed constitutional until the contrary is clearly shown; and it is only when they manifestly infringe on some provision of the constitution that they can be declared void for that reason. In cases of doubt, every possible presumption not directly and clearly inconsistent with the language and subject-matter, is to be made in favor of the constitutionality of the act.

The section in the State constitution inhibiting the passage of special laws, designates and enumerates certain specific acts on which a complete prohibition is placed, and then concludes as follows: "The general assembly shall pass no special law for any case for which provision can be made by a general law, but shall pass general laws providing, so far as it may deem necessary, for the cases enumerated in this section, and for all other cases where a general law can be made applicable." (Const., art. IV, § 27.)

Whether a general law could be made applicable, and answer the purpose of amending these charters, is perhaps a question of not very easy solution. Be that as it may, the clause was obviously intended to have a prospective operation, and apply only to laws passed after the adoption of the constitution. Those who advocate the stringent interpretation that a prior law cannot be amended by a special act, seem to have overlooked a very important provision of the State constitution.

In article XI, section 3, it is declared that "all statute laws of this State now in force, not inconsistent with this constitution, shall continue in force until they shall expire by their own limitation, or be *amended* or repealed by the general assembly." In this section the constitution makes express provision and clearly delegates the power to the Legislature to amend all laws in force prior to the time the constitution went into operation. As this charter was granted previous to that time, I think it was properly subject to amendment by the Legislature.

Judgment affirmed. The other judges concur.