## HARRIS et al. vs. NESBIT.

1. An incorporated town retains its corporate capacity until its charter is declared forfeited in a direct judicial proceeding : it cannot be held, in any collateral proceeding, to have forfeited its charter by non-user.

Error to the Chancery Court of Cherokee.
Heard before the Hon. David G. Ligon.

The plaintiffs in error filed their bill in the court below against Wilson Nesbit, alleging, that one Jane Lowry, in her life-time, owned and kept a ferry at Cedar Bluff in said county, under a license granted to her by the Commissioners' Court of said county ; that, on her death, the said ferry license and privileges were renewed and revived, by grant from said court to complainants, who were the heirs at law of said Jane Lowry ; that complainants have kept up said ferry, according to law, from the time of said grant, in 1845 ; that some time during the year 1846, defendant, having obtained leave from said court, established another ferry within fifty or one hundred yards of that owned by complainants ; that there is no town within two miles of complainants' ferry, and that neither the public good nor convenience demanded the establishment of another ferry ; that complainants are in no default with respect to their said ferry, and that this proceeding on the part of the defendant is in dero-

Harris et al. v. Nesbit.

gation of their rights, greatly to the prejudice of their interests, and destructive of their chartered privileges. The prayer of the bill is for an injunction against the defendant ; that his ferry be abated, and he be decreed forever from keeping up said ferry, without the leave or consent of the complainants being first had and obtained.

On the filing of this bill the Chancellor granted the injunction. The defendant afterwards filed his answer, alleging, among other things, that the town of Cedar Bluff was duly incorporated by an act of the Legislature ; that the Commissioners' Court of said county, therefore, have the right to determine how many and what ferries shall be established at that place, because it is an incorporated town ; that he was authorized, by regular grant of license from said court, to establish his ferry ; and he sets out in his answer said act of incorporation and said order of the court granting his license.

The complainants filed an amended bill, alleging, by way of rejoinder, that only one election had ever taken place under said act of incorporation ; and claiming that said charter had therefore been forfeited by non-user, and that Cedar Bluff is not to be considered an incorporated town, and is not within the exception of the statute. The pleadings and evidence contain much other matter, which is not deemed necessary to an understanding of the decision, and is therefore omitted.

On the coming in of the answer the Chancellor dissolved the injunction, and on the final hearing he dismissed the bill ; and his decree is now assigned for error.

A. J. WALKER, for plaintiffs in error, contended :

1. That the corporation of Cedar Bluff had been dissolved before the establishment of the defendant's ferry, and it had not the power of resuscitating itself; that the succession of individuals composing the corporation was to be kept up, according to the charter, by elections held by managers appointed by the council ; that there had long ceased to be any council, and therefore no managers could be appointed, and no elections held ; citing Angell & Ames on Corporations, pp. 654, 655 ; Phillips v. Wilkham, 1 Paige 596.

2. That the town, within two miles of which the Commis-

sioners' Court is authorized to establish ferries, must be an incorporated town.

3. That, if Cedar Bluff was not a town, the Commissioners' Court had no power to establish a second ferry, and this court will interpose by injunction to prevent it.—Yates v. McDaniel, 2 Stewart 211.

ELMORE & DUVAL, *contra,* insisted:

1. That Cedar Bluff was an incorporated town, and therefore defendant's ferry is within the exception of the statute.—Clay's Digest 514 § 29 ; Pamph. Acts, 1837, p. 41; *ib.* 1842, p. 170. Whether the charter had been forfeited, is a question which cannot be raised in a collateral issue.—2 Kent's Com. 305, 312, note (c), with authorities there cited ; 16 S. & R. 140 ; 1 Penn. R. 421 ; 2 Gill & J. 126 ; 6 Cowen 23 ; 5 Ala. 805 ; 16 *ib.* 372.

2. That incorporation is not necessary to constitute a town, within the meaning of the statute.—1 Black. Com. 116 ; Bouv. Law Dic. 265 ; Clay's Digest 272.

3. That the power to decide upon the necessity for an additional ferry is confided to the Commissioners' Court, from whose decision, so far as that question is concerned, there is no appeal. Jones v. Johnson, 2 Ala. 747 ; Cox v. Easter, 1 Porter 130.

GIBBONS, J.—" The subject of the forfeiture of corporate franchises by *non-user* or *mis-user,*" says Chancellor Kent, " was fully discussed in the case of The King v. Amery, 2 Term R. 515 ; and it was held, that, though a corporation may be dissolved, and its franchises lost, by non-user or neglect, yet it was assumed as an undeniable proposition, that the default was to be judicially determined in a suit instituted for the purpose. The ancient doubt was, whether a corporation could be dissolved, at all, for a breach of trust. It is now well settled, that it may ; but then it must be first called upon to answer. No advantage can be taken of any *non-user* or *mis-user* on the part of a corporation, by any defendant in any collateral action. In the great case of The *quo warranto* against the city of London, in the 34th Charles II, it was a point incidentally mooted, whether a corporation could surrender and dissolve itself by deed ; and it was conceded, that it might be dissolved

by refusal to act, so as to have any members requisite to preserve its being. There are two modes of proceeding judicially to ascertain and enforce the forfeiture of a charter for default or abuse of power. The one is by *scire facias ;* and that process is proper, where there is a legal existing body, capable of acting, but who have abused their power. The other mode is by information in the nature of a *quo warranto* ; which is in form a criminal, and in its nature a civil remedy ; and that proceeding applies where there is a body corporate *de facto* only, but who take upon themselves to act, though, from some defect in their constitution, they cannot legally exercise their powers. Both these modes of proceeding against corporations are at the instance, and on behalf of the Government. The State must be a party to the prosecution ; for the judgment is, that the parties be ousted, and the franchises seized into the hands of the Government. This remedy must be pursued at law, and there only : a court of chancery never deals with the question of forfeiture."—2 Kent's Com. 312.

Assuming the doctrine of the text above quoted to be correct, (and we have not a doubt that it is so,) the question presented by the record before us is easily solved. Waiving the question, as to whether the term "town," as employed by the statute, (Clay's Digest 514 § 29,) means an incorporated town, or merely a village, if it be true that, when an act of incorporation is once passed in favor of a town, it must be considered as incorporated until said act of incorporation or charter is withdrawn, or declared forfeited by judicial action, then it follows necessarily, that the town of Cedar Bluff is an incorporated town, for all the purposes of this suit. We have no doubt that any place, or collection of houses, incorporated as a town by act of the Legislature, falls within the meaning of the statute. In fact, the argument of the complainants' counsel concedes this. It is conceded, that an act of incorporation was passed by the Legislature of Alabama, and that Cedar Bluff was once an incorporated town. Having once had this character, it will retain it, until the charter is forfeited by judicial decision directly upon the question. It cannot be declared forfeited, for the first time, in a collateral manner, as would have been the case if the Chancellor had proceeded to consider that question in the present suit.

For all the purposes of this record, the town of Cedar Bluff is an incorporated town ; and as above remarked, we do not now feel called upon, in the present case, to decide as to the precise meaning of the word " town," as used in the statute above cited.

We have but to add, that the decree of the court below is affirmed, with costs.

LIGON, J., not sitting.