THE TOWN OF DECORAH v. GILLIS & ESPY.

1. MUNICIPAL CORPORATION. An allegation that a municipal corporation was organized in an irregular manner does not constitute a good defense to an action for a violation of its ordinances.

*Appeal from Winnesheik District Court.*

SATURDAY, DECEMBER 24.

The Town of Decorah v. Gillis & Espy.

PLAINTIFF sues for a violation of a *town ordinance*, prescribing a penalty for keeping a ball alley, without being licensed therefor.

The defendants among other things, answer that the said town corporation extends over and embraces within its limits a large tract of land which has not been laid out into lots, and platted as required by law, and which does not constitute any part of the plat of said town, and that in making the enumeration for the purpose of creating said corporation, the inhabitants of said tract of land were included. A demurrer to this part of the answer was overruled and plaintiff appeals.

*E. E. Cooley*, for the appellant, relied upon Laws 1858, chapter 157, section 26; 1 Kent 463, and cases therein cited; 3 G. Greene 104; 3 Mass. 17, 21, 296; 8 Ib. 418, 423; 1 Pick. 248; 10 Ib. 235; *Cooper* v. *Sunderland,* 3 Iowa 114, and notes and cases there cited.

*Bullis*, *Smith* and *Noble*, for the appellees.

WRIGHT, C. J.—The demurrer should have been sustained. Appellees have made no argument and we are left to conjecture, from appellants' argument, the ground upon which the court below based its ruling. The Code under which this town was incorporated, provides that "any village containing three hundred inhabitants, may become incorporated as a town," but in taking the enumeration for that purpose, those persons only are to be included who are permanent residents, within the limits of the plat of the village.

Now, granting that in making the enumeration in this instance, the inhabitants upon the tract not laid out into lots, were included, it would by no means follow that defendants would be justified in violating the town ordinance; and certainly they would not, without showing more than is stated in this answer. In several respects it is radically defective. In the first place it fails to describe by numbers or otherwise, the tract of land not laid out in town lots. Again there

is no averrment that they were residing, or kept their ball alley upon this outside tract of land at the time of the commencement of the offense charged. Not only so, but if they were, it by no means follows, that they would not be liable for a violation of the ordinance in question. A town or city may not, in some instances, include in its limits farming lands, so as to render them liable for municipal taxes, and yet properly includes territory not regularly platted, so as to make the inhabitants therein amenable to the local ordinance. *Morford* v. *Unger*, 8 Iowa 82.

And a further thought is, that defendants can not raise the question here made in this collateral proceeding. It might as well be claimed that the plat of the village had not been properly acknowledged or recorded; that there was fraud in the proceedings leading to the town organization, or in the passage of the ordinance in question. If the town exists as a corporation *de facto*, the regularity of its incorporation cannot be inquired into, in this collateral manner.

Judgment reversed.