CANFIELD S. HAMILTON, Appellant, v. THE PRESIDENT AND TRUSTEES OF CARTHAGE, Appellees.

### APPEAL FROM HANCOCK.

A town organized under the general law, may recover a penalty before a justice of the peace, exceeding five dollars, for an offense against an ordinance to prevent selling ardent spirits without a license.

In a proceeding to collect a fine by a municipal corporation, its existence cannot be collaterally attacked. Evidence that the corporation has acted as such, is sufficient.

THIS was an action brought by the President and Trustees of Carthage against Hamilton, for a penalty of twenty dollars, for a violation of an ordinance of said town prohibiting the sale of spirituous liquors, before a justice of the peace of the county of Hancock, and appealed to the Circuit Court. The parties waived a jury, and submitted to the court, SIBLEY, Judge. The court found the issues for the plaintiff, and rendered judgment against the defendant, who appealed to this court.

GRIMSHAW & EDMUNDS, for Appellant.

M. HAY, for Appellees.

WALKER, J. This was an action instituted by appellee against appellant, for the recovery of a penalty claimed to have been incurred by the sale of spirituous liquor without a license, and in violation of an ordinance of the town. The trial before the justice of the peace resulted in a judgment against the appellant for $40 and costs, from which he prosecuted an appeal to the Circuit Court. The cause was there tried by the court, without the intervention of a jury, by consent of the parties, when the court found appellant guilty, and rendered a judgment against him for twenty dollars and costs of suit. From which he appeals to this court.

The first question which we propose to consider, is, whether the statute has conferred jurisdiction upon a justice of the peace, in actions for the recovery of penalties of this description. The latter clause of the 8th section of the division entitled "Towns and Cities," (Scates' Comp. 197,) expressly provides, that the president and trustees of such towns may impose fines for a breach of their ordinances, and that such fines may be recovered before any justice of the peace, by action of debt, in the name of the president and trustees, and collected by execution. It would be difficult to imagine what language could have been adopted, by which the jurisdiction could have been more clearly

conferred upon that officer. There is no known rule of construction by which a court can hold that this enactment does not confer it, fully and completely. It is true that this section limits the amount of the penalty to five dollars for each offense. But by a subsequent enactment, (Scates' Comp., p. 200, sec. 4,) it is provided that all towns incorporated under chapter twenty-five, R. S. 1845, shall have all the power to pass ordinances and by-laws, and shall possess all the powers authorized under the laws and amendatory acts of the cities of Springfield and Quincy. The 34th section of the 5th article of the Springfield charter, (Laws Spec. Sess. 1840, p. 10,) confers upon the city authorities the power to impose fines, penalties and forfeitures, for the breach of any ordinance, without any limit as to the amount. The 10th section of the 10th article of the constitution has, however, prohibited justices of the peace from trying any cause in which the fine exceeds one hundred dollars. This would, of course, limit the power of such a corporation in providing that justices of the peace should have jurisdiction to try causes for the recovery of such fines, to that sum, and the act has conferred the power alone on justices of the peace. We have not been referred to any law which has withdrawn the jurisdiction from a justice of the peace, and none such is believed to exist. We therefore have no hesitation in saying that the justice of the peace had jurisdiction to try this cause.

It is also urged, that the plaintiffs below, on the trial in that court, failed to show that they were legally incorporated. The bill of exceptions shows that they read in evidence, from their record book, a recital that on the 16th day of June, 1849, an election was held at which a board of trustees was elected, and that they were qualified as such before a justice of the peace of the town; also his certificate, together with the evidence of Williams, who testified that he was the clerk of the board of trustees of the town, and had been since its organization in 1849. Until the existence of this corporation was denied, they were not bound to adduce any proof of their corporate existence. And when that is put in issue, they are only required to show that the body has been acting as, and exercising the powers of, such a corporation. Unless it be in a direct proceeding by *quo warranto*, or otherwise, they are not bound to show the manner in which they were organized under their charter, or that they have complied with all of its requirements. The evidence here abundantly shows, that they were acting as a corporation, and that is *prima facie* sufficient. *Town of Mendota* v. *Thompson*, 20 Ill. R. 197.

If this were not the case, the legislature has recognized its existence as an incorporation, by acts amending the charter of this town, first, in February, 1854, and afterwards in February,

1855, which gives fines and forfeitures to the town. Even if irregularities had occurred in the organization, it was cured by these enactments. Even if that were not the case, these municipal incorporations, being created for the better police and government of communities, after long-continued acquiescence, on the part of the public, in the exercise of their corporate powers, the law would indulge presumptions of their legal organization, in a collateral proceeding, until it is rebutted. *Jameson* v. *The People,* 16 Ill. R. 257. We are therefore of the opinion, that in a collateral proceeding, as this is, the corporate existence of the appellee was amply proven.

The ordinance was proved to have been regularly adopted, recorded and published, in compliance with the law. The book in which it was recorded was also proved to be the record of their proceedings and ordinances. The ordinance prohibited the sale of such liquor in a less quantity than one gallon. This was fully within the scope of their authority. Appellant admitted the sale of the liquor in violation of the ordinance, within the corporate limits of the town, and did not pretend that he had a license. Under this evidence the court could not have done otherwise than find for the appellee.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*