TOLEDO, PEORIA AND WARSAW RAILWAY COMPANY

*v.*

THE PRESIDENT AND TRUSTEES OF THE TOWN OF CHENOA.

1. CORPORATION — *municipal* — *charter.* Where an act of the general assembly provides that all acts performed for the purpose of incorporating a town shall be valid; and that all ordinances which it may have adopted, not repugnant to the Constitution of this State or the United States, shall be binding, such legislation recognizes the existence of the corporate body, and cures any irregularities that may have occurred in its organization.

2. SAME — *their powers.* By the act of February 10, 1849, it is declared, that the corporate authorities of all towns and cities incorporated under the general law or under special charters, shall have the same powers as are conferred on the cities of Quincy and Springfield, by their charters and amendments thereto. The charter of Springfield confers power to open, widen, establish, grade or otherwise improve and keep in repair, streets, avenues, lanes and alleys; and to pass all ordinances necessary to carry into effect the powers conferred by the charter. *Held,* that this conferred upon the town of Chenoa, power to adopt an ordinance punishing by fine, any person who might obstruct a public street within its limits.

14 — 43D ILL.

3. SAME — *ordinance — violation of.* Where an ordinance prohibited a railway company from obstructing a public street, by permitting their cars to remain stationary therein for more than fifteen minutes, but referred to another ordinance which, as copied in the record, bore date subsequently to the first, *Held,* that the town failed to establish any ground for a recovery.

4. PRACTICE. Where a record comes to this court properly certified, it must be presumed to be correct, and the case will be tried upon it thus certified. If, however, either party may wish to have it amended, by the insertion of some portion omitted by the clerk, or which that officer has copied incorrectly into the record, he should suggest a diminution of the record, and apply for a writ of *certiorari* to have the omitted portion returned, and thus have the transcript corrected.

5. SAME — *fine for breach of ordinance.* Under the provisions of the charters of Quincy and Springfield, any incorporated town may impose a fine of more than five dollars, but the Constitution limits the jurisdiction of justices of the peace for fines and penalties to one hundred dollars.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action of debt, brought by the president and trustees of the town of Chenoa, before a justice of the peace, against the Toledo, Peoria and Warsaw Railroad company, for the recovery of a penalty for a breach of an ordinance of the town. Plaintiffs recovered a judgment on a trial before the justice of the peace. Defendant removed the case to the Circuit Court of McLean county, and a trial was there had by the court, a jury having been waived by the parties.

On the trial, plaintiff proved that defendants obstructed one of the public streets in the town, by permitting their cars to remain on the track crossing the street, from the 25th till the 26th of January, 1866. The testimony shows that this street was one of the principal crossings on the east side of the town.

Plaintiff introduced an act of the general assembly legalizing the acts of the town in organizing the corporation; also, an ordinance prohibiting the obstruction of any public street, alley or crossing, under a penalty of five dollars for each hour such obstruction shall remain. This ordinance bears date the 11th of April, 1866. Also, an ordinance which declares that when-ever railroad cars remain in or upon the crossing of the several

streets of the town over the space of fifteen minutes, so as to obstruct the crossing or travel, the same shall be considered a violation of article 14 of town ordinances, in relation to the obstruction of streets. This ordinance fixes no penalty, and bears date the 20th of October, 1865. The court found for plaintiff ninety-eight dollars, for the time the street was obstructed. Defendant entered a motion for a new trial, which was overruled, and judgment rendered according to the finding; to reverse which defendant appeals to this court.

Messrs. INGERSOLL & PUTERBAUGH, for the appellant.

Mr. O. T. REEVES, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted that there is no evidence in the record that the town of Chenoa was ever incorporated; and hence the president and trustees had no power to pass the ordinance, for the violation of which this suit was brought. By an act of the general assembly, adopted on the 16th of February, 1865 (Private Laws, vol. 2, p. 430), it is declared that all of the acts and proceedings, done for the purpose of incorporating the town of Chenoa, be legal and valid; and all ordinances passed by the president and trustees of the town, not inconsistent with the Constitution of this State, or that of the United States, are also declared to be legal and binding. The act also authorizes the president and trustees to fix the boundaries of the town, so as to include any tract of land laid out into town lots. This act fully recognizes the previous organization of the incorporation, and cures all defects that may have occurred in its organization.

By the act of February 10, 1849, section 4 (Scates' Comp. 200), it is declared that the corporate authorities of all towns and cities, incorporated under chapter 25, of the Revised Statutes of 1845, or under any special act, shall have power to pass all ordinances and by-laws, and possess all the powers authorized by the laws and amendatory acts incorporating the cities

of Quincy or Springfield. This, then, conferred the power upon the corporate authorities to adopt any ordinance which was authorized by either of those charters.

The general assembly, at its special session in 1840 (Sess. Laws, p. 9), conferred on the city of Springfield, by section nine of article four, the power to open, widen, extend, establish, grade or otherwise improve and keep in repair, streets, avenues, lanes and alleys. The second section of article eight, confers the power, for the purpose of keeping the streets, avenues, lanes and alleys in repair, to compel persons therein enumerated to labor on the same. Section thirty-six of article five, confers power to pass all ordinances necessary for carrying into effect the powers granted by the charter. It would seem that these provisions confer ample power upon the corporate authorities of this town, to punish by fine any person who may obstruct a public street.

The offense is charged to have been committed on the 23d day of January, 1866, and the suit was brought to recover the penalty on the seventh day of the following February. The ordinance declaring it to be an offense for a railroad company to permit their trains or cars to stand upon, and obstruct, any street in the town longer than fifteen minutes, was adopted on the 20th of October, 1865, as appears from the transcript filed in this case. But it prescribes no penalty for a violation of its provisions; it, however, refers to article fourteen of the town ordinances, for the penalty.

When, however, we examine article fourteen of the town ordinances, as copied into the transcript of the record, we find it bears date the 11th day of April, 1866, nearly three months after the offense is charged to have been committed. And we find that it is recited in the caption which precedes the ordinance, that it was adopted by the board on the 11th day of April, 1866. And the town clerk certifies at the end of the ordinance, that he posted three copies on that day. It is suggested by counsel, that this is a mistake of the clerk in copying the ordinance into the record. It is rather remarkable, that the clerk should have made the same mistake in both places.

If the ordinance was adopted in October, 1865, of which we have no evidence in this record, it may be, that the corporation clerk made the mistake in furnishing the copy to be incorporated into the bill of exceptions. If the clerk of the Circuit Court made the mistake, appellee should have suggested a diminution of the record, and obtained a writ of *certiorari* to correct it, before joining in error. We are bound to try the case on the record as it is before us, and as it appears when the joinder in error is filed. There was then no evidence before the court so far as this record discloses, that there was any penalty, or if so, what it was, when this obstruction took place.

It was held, in the case of *Hamilton* v. *The Town of Carthage*, 24 Ill. 22, that a·town incorporated under the general law, with the powers conferred by the charter of the city of Quincy or Springfield, may impose a fine for a breach of their ordinances, exceeding five dollars. That the power to impose penalties and fines, was not limited in amount by those charters. It was, however, held, that the tenth section of the tenth article of our Constitution, prevented justices of the peace from trying cases involving fines to a greater amount than $100.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*