# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## THIRD GRAND DIVISION.

### SEPTEMBER TERM, 1867.

## JAMES TISDALE

*v.*

## THE PRESIDENT AND TRUSTEES OF THE TOWN OF MINONK.

1. MUNICIPAL CORPORATIONS—*cannot be questioned collaterally.* The doctrine is well established that a municipal corporation cannot be questioned collaterally concerning its legal organization.

2. FORMER DECISIONS. *President and Trustees of Mendota* v. *Thompson,* 20 Ill. 197; *Clark* v. *The People,* 15 ib. 213; *The same* v. *Ridgeley,* 21 ib. 65.

3. JURISDICTION—*when and where it must be questioned.* In a proceeding commenced before a justice of the peace, for a violation of a town ordinance, if it be sought to question the justice's jurisdiction because there was no complaint in writing, signed and sworn to, and no warrant issued thereunder, the objection should be made at the earliest moment in the justice's court—it comes too late if made for the first time in the circuit court, on appeal

4. MUNICIPAL CORPORATIONS—*extent of power in a given case.* Under the charter of the town of Minonk, the power is conferred upon the corporate authorities

2—46TH ILL.

to declare by ordinance, that making loud and unusual noises to the disturbance of the quiet and peace of the town, and threatening or traducing, or challenging to fight, shall constitute an offense, punishable by fine.

5. SAME—*concerning the publication of ordinances.* It is no objection, that the paper in which the ordinances of a town were published, was printed in another town, the proof showing that they were published the prescribed number of weeks required by law, and that such paper was the one of general circulation in the town enacting them.

APPEAL from the Circuit Court of Woodford County; the Hon. S. L. RICHMOND, Judge, presiding.

This was a proceeding originally commenced before a Justice of the Peace of Woodford county, for the violation of a certain ordinance of the town of Minonk, and appealed to the Circuit Court. In each of the courts below, the appellant was found guilty, and a fine imposed; and he now brings the case to this court by appeal.

Messrs. CLARK & CHRISTIAN, for the appellant.

Mr. L. M. NEWELL and Messrs. BANGS & SHAW, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The first point made by the appellant questions the legal organization of the town of Minonk.

The answer to this is, that its organization cannot be attacked in a collateral proceeding. This has been often decided, and is the established doctrine of this court. *President and Trustees of Mendota* v. *Thompson*, 20 Ill. 197; *Clark* v. *The People*, 15 ib. 213; *The same* v. *Ridgely*, 21 ib. 65.

The next point is, that the Circuit Court refused to dismiss the suit on the defendant's motion, for the reason urged by him, that the court had no jurisdiction, because, in the justice's court where the cause originated, there was no complaint in writing, signed and sworn to, and no warrant issued thereunder.

The answer to this objection is, that it came too late; it should have been made at the earliest moment in the justice's court.

The next point is, that the authorities of Minonk had no power to pass the ordinance under which the proceeding was had, and that it was not duly published.

We are of the opinion that the first section of the ordinance cited, provides fully for the case, and was within the power of the corporate authorities to pass. We see nothing in it conflicting with any law of the State. They had authority to declare by ordinance, that making loud and unusual noises to the disturbance of the quiet and peace of the town should be an offense punishable by fine, and also for threatening or traducing, or challenging to fight.

As to the publication of the ordinance, it matters not that the "Minonk Journal" in which it appeared was actually published at El Paso, so that it was printed the prescribed number of weeks in that paper, and that it was the paper of general circulation in the town of Minonk; all which fully appears from the testimony.

As to the argument on the evidence in the cause, we are of opinion that it justifies the finding.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*