## Case No. 7,570.

### JUDSON v. PLATTSBURG.

[3 Dill. 181.] [1]

Circuit Court, W. D. Missouri. 1874.

MUNICIPAL BONDS—VALIDITY OF CITY CHARTER—ELECTION—REGISTRATION.

1. To an action on negotiable bonds issued by the defendant city, it pleaded that the act incorporating it was unconstitutional: 1st. because the subject of the act was not expressed in its title; 2d, because under the constitution of Missouri, the legislature could not amend the charter of the town corporation by making it a city corporation; 3d, because Plattsburg did not in fact have 5,000 people when it was incorporated as a city, as required by the constitution of the state: *Held*, that neither of these objections was well taken.

2. It seems that a special registration of voters of a special municipal election was not

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

necessary; but if it were, a bona fide holder of bonds for value without notice would not be affected by the omission, the bonds reciting that they were duly authorized by a vote of the voters of the city.

Action on coupons originally attached to negotiable bonds issued by the defendant city under its seal, and reciting the necessary vote. An answer set up the defense, referred to in the opinion of the court, but did not allege that the plaintiff [David C. Judson] was not a bona fide holder of the bonds or coupons for value. The plaintiff demurred.

Judson Barnard and Merryman & Hall, for plaintiff.

Lay & Belch and Thos. C. Reynolds, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

KREKEL, District Judge. This is an action on coupons detached from the bonds issued by the city of Plattsburg in payment of indebtedness to the Chicago and Southwestern Railway Company. The answer sets up that the act incorporating the city of Plattsburg, amendatory of the act of February 8th, 1861, is and always was unconstitutional and void. A demurrer to this part of the answer makes it necessary to examine the enactments creating this corporation. It appears that the general assembly of the state of Missouri, on the 8th day of February, 1861, passed an act "to incorporate the town of Plattsburg," granting it usual municipal powers. Under this act the corporation existed up to the 24th day of March, 1870, when an amendatory act, entitled, "Towns and Cities: Plattsburg. An act to amend an act entitled an act to incorporate the town of Plattsburg, approved February 8th, 1861," was passed.

Three objections in support of the unconstitutionality of this amendatory act are suggested: First.—As to the title of the act. The constitutional provision in reference to the title of acts is, "that no law shall relate to more than one subject, and that shall be expressed in its title." This provision of the constitution mainly aims at vicious legislation, by which, under a fraudulent title, the subject-matter of the enactment was to pass unobserved by reading the title, merely. That it was not intended to apply to the incorporation of a city, is obvious from the fact that many subjects are to be provided for in such an act, and though they may all, in a certain sense, pertain to one subject, it could not be expressed in its title. More than ordinary caution seems to have been taken in framing the incorporating act of the city of Plattsburg, as may be seen by reference to its title.

The second question is as to the right to amend the town corporation of Plattsburg by incorporating it as a city. The right to amend existing laws under the constitutional provision, that "all statute laws of this state, now in force, not inconsistent with this constitution, shall continue in force until they shall expire by their own limitation or be amended or repealed by the general assembly," is decided by the supreme court of Missouri, in the case of State v. Cape G. & St. L. R. Co., 48 Mo. 468, and we adopt this interpretation of the constitutional provision cited as in principle deciding the right of the legislature to amend the charter of the town of Plattsburg.

The next point made is that the town of Plattsburg, having less than 5,000 inhabitants, the general assembly was prohibited from erecting them into a city by the constitutional provision that "no city shall be incorporated with less than 5,000 permanent inhabitants." It is obvious from the provision itself that it applies to the internal political sub-division of the state, and must therefore be held to be within the exclusive jurisdiction of the legislative power of the state, and that power, by its act of incorporation, having established this sub-division, the question of its legality cannot be examined collaterally. In a case which required the ascertainment of a fact upon which legislative authority to act depended, the exercise of that authority carries with it the presumption that the fact had been ascertained, and that the legislature acted within the sphere of its authority.

This disposes of the demurrer to the first count of the answer, and the same is sustained. There is a demurrer, also, to the 6th and 7th subdivisions of the second count of the answer, which sets up want of authority to hold an election, denies that a legal election was held, denies that conditions of subscription were complied with, and many other formalities pertaining to the subscription.

The only question here made, not already decided in the bond cases at this term, is the want of registration of voters prior to the special election at which the subscription of $25,000 was voted on. The town of Plattsburg had not been set apart or designated as an election district, but was embraced in the township district in which it was situated. Under the constitutional provision upon obtaining a two-thirds vote in favor, the town had an unquestioned right to subscribe. There was to be no special township election, and hence no need of a special registration for such. There being no provision under the law of 1868 requiring special registration of towns for municipal elections when such towns were embraced within and a part of a township election district, as was the case with Plattsburg, use was made of the last township registration. We are not prepared to say that the election thus held was illegal, but be that as it may, we are of the opinion that a bona fide holder of bonds for value is not bound to inquire into the formalities of an election. The demurrer to the 6th and

7th subdivisions of the second count of the answer is therefore sustained. Judgment accordingly.

As to sufficiency of title to acts under the constitution of Missouri, see Murdock v. Woodson [Case No. 9,942].