# *Ex parte* Moore.

## *Habeas Corpus.*

62  471
130  152

1. *Municipal corporation organized under Code; powers of.*—The authorities of a town incorporated under the provisions of the Code, (Chap. I, Title 14, Part 1, Code of 1876,) have no authority, upon conviction for breach of their by-laws and ordinances, to punish the offender by *imprisonment*, except in cases of a "breach of the peace or disorderly conduct;" in other cases, the punishment must be a fine, and upon default of payment, the offender may be sentenced to "hard labor on the streets of the town, for a period not exceeding thirty days."

2. *Same; what sentence illegal.*—A sentence upon conviction of a breach of a by-law or ordinance of such town, (other than those relating to breaches of the peace or disorderly conduct,) or a warrant or *mittimus* based on such sentence, which directs the marshal to take the offender "in custody and detain him until fine and costs are fully paid," is without warrant of law, in that it inflicts "*imprisonment*," when the charter provides "hard labor," and is also indefinite in duration, whereas the law limits it to a period not exceeding thirty days.

3. *Habeas corpus; when should be granted.*—One detained under such sentence, or a *mittimus* based on it, is entitled to a discharge on *habeas corpus*.

4. *Statute; what will not invalidate.*—If a statute contains provisions which are not referable to its title, and such foreign matter is divisible from that which is clearly within the title, and the latter can stand and have effect without the former, then only so much of the act as is not embraced by the title is void.

5. *Title of act; what within.*—Where the title of an act is "to incorporate the town of Munford, in the county of Talladega," the insertion of a section in the act which makes it misdemeanor to sell or give away spirituous liquor within the corporate limits, is within the purview of the act, and sufficiently expressed in the title, and is constitutional.

6. *Municipal corporation; what will not accomplish dissolution.*—The mere non-user of its powers by a municipal corporation, does not *ipso facto* work its dissolution. It will require a judicial sentence to effect its dissolution.

7. *Incorporation; what invalid.*—Where a town has been regularly incorporated by act of the legislature, which act is still in force, the Probate Judge is without authority, under the provisions of the Code, to grant a second

charter ; his powers in the premises are limited to towns not already incor-
porated.   Towns cannot have at one and the same time two co-existing char-
ters of incorporation.

8.   *Same ; legality of, how cannot be enquired into.*—The legality of charters
of corporations cannot be assailed in a collateral proceeding.   Neither can
one colorably in office, and publicly exercising the functions of a municipal
officer, be treated as a usurper, and resisted as such.   He is an officer *de facto*,
and must be submitted to, until displaced by a direct proceeding for that pur-
pose.

This was an application by the petitioner, S. T. Moore, for
a writ of *habeas corpus* and *certiorari* to effect his discharge
from alleged illegal imprisonment, and to revise an order of
Hon. John Henderson, made upon application for *habeas cor-
pus* before him, refusing the writ.   The agreed facts of the
case are as follows :   On the 11th day of August, 1868, the
legislature passed an act entitled " An act to incorporate the
town of Munford, in the county of Talladega."   The fifth
section of this act makes it " a misdemeanor, punishable by
fine and imprisonment, for any person to sell, give, or other-
wise dispose of any intoxicating liquors, &c., within the cor-
porate limits of said town ; *Provided,* That druggists may
sell for medicinal purposes."   Section five treats of no other
subject.   There was no organization under the act of 1868,
until that act was amended by the act of February 9th, 1871,
which latter act provides " that an election should be held
for an intendent and six councilmen as officers of said cor-
poration of Munford, on the first Monday in April, 1871,"
and appointed inspectors to hold said election, requiring
them to give notice, &c.   No election was held under this
latter act until the first day of April, 1872, on which day an
election was held by the officers appointed by the act of 1871,
in compliance with all the terms of that act, except as to
time.   The officers elected at this election accepted, qualified
and entered upon the discharge of their respective duties,
and continued to act as such until a new election was held
on the first Monday in April, 1873, when the same officers
were re-elected, and were exercising the duties of their re-
spective offices when the charter was amended by the act of
April 10, 1873.   This amendment is not material to the point
at issue in this cause.   The last election under the charter
granted by the legislature, was held on the first day of April,
1874.   The officers then elected did not qualify.   The char-
ter of the town granted by the legislature, has never been
declared forfeited or void by any direct judicial proceedings
instituted for that purpose, nor had it ever been surrendered
to or accepted by the legislature, nor had any repeal of the
act been passed.

On the 21st day of March, 1879, citizens of said town pe-

[Ex parte Moore.]

titioned the Probate Judge of Talladega county for a charter under the provisions of Part 1, Title 14, Chapter 1, of the Code of 1876, for the town of Munford, with the same limits and boundaries prescribed by the former charter granted by the legislature, which was accordingly granted by the Probate Judge as prayed for in said petition, on the 16th day of April, 1879. There was an election for officers of the corporation in conformity to the provisions of this charter, at which election A. J. Street was elected intendent, and an organization of the board of councilmen thereby elected. J. L. W. Stroud was appointed marshal. By section 1782 of the Code of 1876, it is declared that the corporate authorities of towns thus organized shall have the following power : . .

. . 9. " To impose fines, not exceeding fifty dollars, for breaches of their by-laws or ordinances, and to enforce and collect the same by execution against the property of the offender, or, in case of a breach of the peace or disorderly conduct, by imprisonment for a period not exceeding thirty days; and any person failing to pay the fine assessed against him under the provisions of this section may be sentenced by the officer or officers trying the case to hard labor on the streets of the town for a period not exceeding thirty days."

The municipal government elected and organized under the charter granted by the Probate Judge, made and passed a by-law prohibiting the sale of spirituous or vinous liquor within the corporate limits of said town by any person who had not first paid the said municipal authorities the sum of two hundred and fifty dollars per annum, and taken out a license from the said authorities for that purpose, under a penalty of twenty-five dollars fine for each violation of said ordinance.

The petitioner, S. T. Moore, was a citizen of Munford, engaging in a retail liquor business before the charter was granted by the Probate Judge, under a license from the State of Alabama and the United States, and refusing to pay the tax required of him by the ordinance, was arrested by the authorities on a charge of violating said ordinance, and fined twenty-five dollars. The intendent thereupon issued a *mittimus* to the town marshal, Stroud, which recited trial and conviction of petitioner and his sentence to pay a fine of twenty-five dollars and costs, commanding the marshal " to receive him into custody and detain him until such fine and costs are fully paid."

Being in the custody of Stroud under this *mittimus*, petitioner applied to the Hon. John Henderson, Circuit Judge, for *habeas corpus*. On the hearing of this petition, the Circuit Judge was of opinion that the original charter granted

[Ex parte Moore.]

by the legislature in 1868 to the town of Munford, was un-constitutional, because the act incorporating it contained more than one subject, and that the subsequent incorporation by the Judge of Probate was valid. He dismissed the petition and remanded petitioner to the custody of Stroud. Moore thereupon renewed his application to this court.

BOWDON & KNOX, and RICE & WILEY, for petitioner.—There was an existing corporation of the town of Munford, and the Probate Judge was without authority to grant a charter. Code of 1876, Part 1, Title 14, Chapter 1. The argument on the unconstitutionality of the charter granted by the act of 1868, rests on the idea that the fifth section of the act is not referable to the title, and is legislation on another subject, utterly foreign to the avowed object of the act. The object of that act was to incorporate the town of Munford. That object was accomplished by other sections of the act, and the rule is firmly settled that if the matter foreign to the subject matter is divisible from that which falls within it, and the latter can stand and have effect without the former, then only so much of the act as is not embraced within the title is void.—*Ex parte Pollard*, 40 Ala. 100; *M. & O. R. R. Co. v. The State*, 29 Ala. 573; *Lowndes County v. Hunter*, 50 Ala. 511; *Davis v. Minge*, 56 Ala. 458; *Comm. v. Green*, 58 Penn. St. 226. If the legislative charter was a valid subsisting one, there can be no doubt that the charter granted by the Probate Judge is a nullity and void.—2 Selwyn's *Nisi Prius*, 1176; *Rex v. Amery*, 2 Bro. P. C. 366; *Rex v. Mellio*, 6 T. R. 268; and any law enacted by the new corporation is void, because they act under a void charter.—*Butler v. Palmer*, 12 Mod. 247; Wilcox on Corp. 164; Abbot's Law of Corp. 164; 4 Zab. (N. J.) 393. If the charter of the town of Munford, granted by the act of 1868, was a constitutional enactment, the subsequent grant of incorporation by the Probate Judge was a nullity, and the pretended ordinance under which the petitioner was convicted is mere waste paper, and his im-prisonment is illegal.

STONE, J.—The authority under which Stroud, the mar-shal of the town of Munford, asserts the right to hold the petitioner in custody, is a warrant or *mittimus*, reciting that Moore, the petitioner, had been tried and convicted under an ordinance of the town council, prohibiting retailing with-out license, &c., and adjudged to pay a fine of twenty-five dollars and costs. The warrant then proceeds: "You are therefore commanded to receive him (Moore) into custody, and detain him until such fine and costs are fully paid."

VOL. LXII.

This warrant was signed, "A. J. Street, intendent of the town of Munford." The agreed facts in this case show that the incorporation of the town of Munford, under which Street, the intendent, and Stroud, the marshal, claimed the right to act in the premises, was granted by the Judge of Probate under Chapter 1, Title 14, Part 1, of the Code of 1876, beginning with section 1763. Section 1782 is an enumeration of the powers of municipal corporations thus chartered. "The corporate authorities of such town have the following powers: . . . "9. To impose fines not exceeding fifty dollars, for breaches of their by-laws and ordinances, and to enforce and collect the same by execution against the property of the offender, or, in case of breach of the peace, or disorderly conduct, by imprisonment for a period not exceeding thirty days; and any person failing to pay the fine assessed against him under the provisions of this section, may be sentenced by the officer or officers trying the case to hard labor on the streets of the town, for a period not exceeding thirty days."

The petitioner was not convicted for a breach of the peace, nor for disorderly conduct, and hence could not be imprisoned as a punishment. His offense could be punished by a money fine, not exceeding fifty dollars, to be collected by execution against the property of the offender, with the further provision, that if he failed to pay the fine assessed against him, he might be sentenced to hard labor on the streets of the town, for a period of thirty days. Committing an offender to the custody of an officer, is depriving him of his personal liberty—is imprisonment. It is, in this case, indefinite in duration. "Until such fine and costs are fully paid," is the mandate. This is essentially different from hard labor on the streets. It is not for us to speculate on the relative hardship or odiousness of the two modes of punishment. Sufficient for us that the statute authorizes the one, and does not authorize the other. Conceding the incorporation to have been regular in every step of its organization, the imprisonment in this case was without warrant of law. This necessarily works a reversal of the judgment of the Circuit Judge.—*Steele v. The State*, and *Kirby v. The State*, December term, 1878.

Even if it were true that the act of the legislature incorporating the town of Munford—(Pamph. Acts of 1868, page 107)—is unconstitutional, because the act embraces two subjects, one of which is not expressed in the title, the effect would not be to invalidate the whole statute. The title of the act is, "To incorporate the town of Munford, in the county of Talladega." The argument is that section five of

the act treats of an alien subject, not expressed or embraced in the title. That section makes it a misdemeanor, punishable by fine and imprisonment, for any person to "sell, give or otherwise dispose of any intoxicating liquors," &c., "within the corporate limits of said town," with a proviso that druggists may sell for medicinal purposes. Section 5 treats of this subject and nothing else. It is not dependent on any other clause in the statute, nor is any other clause dependent on it. It can be separated and struck out without affecting any other clause. Hence, its unconstitutionality could not destroy the validity of the remaining provisions of the act.—See the authorities in the excellent brief filed for petitioner. But we think the Circuit Judge erred in holding section 5 unconstitutional. The title of the act is a very general one—to incorporate the town of Munford. Under this caption, it was permissible to embrace and declare the purpose, powers and duties of the municipal corporation. Sanitary and police regulations are among the customary powers of such corporations. The 5th section was intended to secure the peace and good order of the town, and it was within the power of the legislature to prohibit the sale of intoxicating liquors within its corporate limits.—*Dorman v. The State*, 34 Ala. 216.

It is settled in this State, and such is the current of authorities, that a municipal corporation is not *ipso facto* dissolved or destroyed by a *non-user* of its powers. It requires a judicial sentence to effect the dissolution.—*Harris v. Nesbit*, 24 Ala. 398; *Welch v. Ste. Genevieur*, 1 Dil. Cir. Ct. Rep. 130; 1 Dil. Corp. § 110 *et seq.*; Ang. & Ames, Corp. § 771.

The incorporation of the town of Munford under the special and amendatory acts, being still of force, the Probate Judge had no power to grant a second charter under the general law. His powers in the premises were limited to towns not incorporated.—Code of 1876, § 1763. Further, towns cannot have, at one and the same time, two co-existing charters of incorporation. What, then, is the effect of the invalidity of the second attempt at incorporation? The question comes before us collaterally, not on a direct proceeding to vacate the charter, or to oust the officers, by a writ of *quo warranto*, or proceeding in the nature of it. The repose and well-being of society will not allow corporations to have their organizations practically annulled in a collateral proceeding. Nor can one who is colorably in office, publicly exercising its functions, be treated as a usurper, and resisted as such. He is an officer *de facto*, and must be submitted to as such, until displaced by a regular, direct proceeding, instituted for the purpose.—*Duke v. Cahaba Nav.*

[Sandlin et al., Adm'rs, v. Robbins et als.]

*Co.,* 16 Ala. 372 ; *Dillard v. Webb,* 55 Ala. 468 ; *Piper v. Dennis,* 12 Mod. 253 ; *Rex v. Miller,* 6 T. R. 269 ; *Rex v. Osbourne,* 4 East, 327 ; *Buncombe Turnpike Co. v. McCarson,* 1 Dev. & Bat. 306 ; *Robinson v. London Hospital,* 21 Eng. Law & Eq. 371 ; *Heath v. The State,* 36 Ala. 273.

The writ of *habeas corpus* and *certiorari* will be awarded by this court, to bring before us the petitioner, together with the proceedings had before the Circuit Judge, unless, on another application, the Judge grants the relief to which the petitioner is entitled, as shown above.—*Ex parte Croom and May,* 19 Ala. 561–570.