# CASES DETERMINED

BY THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

## MARCH TERM, 1893.

THE CITY OF BILLINGS, Plaintiff in Error, v. CHARLES DUNNAWAY, Defendant in Error.

### St. Louis Court of Appeals, April 18, 1893.

1. **Evidence**: JUDICIAL COGNIZANCE OF THE INCORPORATION OF A CITY. *Held, arguendo*, that all the courts of this state should take judicial notice of the reorganization of a village as a city of the fourth class.

2. **Municipal Corporations**: QUESTIONING CORPORATE EXISTENCE. Whether a municipal organization, recognized by the state as a city of the fourth class, is such a city, cannot be questioned by the defendant in a prosecution for the violation of one of its ordinances, but only by proceedings of ouster on behalf of the state.

$$\begin{array}{|c c|} \hline 54 & 1 \\ 54 & 466 \\ \hline 54 & 1 \\ 70 & 12 \\ \hline 54 & 1 \\ 84 & 40 \\ \hline \end{array}$$

*Error to the Christian Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*G. J. Bradfield*, for appellant.

It was not necessary for the plaintiff to prove, it was the duty of the court to take, judicial notice of the fact that the city of Billings was a city of the fourth class and situated within the territory over which the

court had jurisdiction. Revised Statutes, 1889, sec. 1579; *City of Savannah v. Dickey*, 33 Mo. App. 522. Even the defendant himself cannot raise the question as to the legal existence of a municipal corporation whose ordinances he is charged with violating. Such question can only be raised by the state by *quo warranto* or other direct proceedings. *The Inhabitants of Fredericktown v. Fox*, 84 Mo. 59.

No brief filed for respondent.

ROMBAUER, P. J.—The proceeding is one to uphold a conviction of the defendant for a violation of an ordinance of the city of Billings. The defendant was convicted before the mayor, but, upon appeal to the circuit court, he was acquitted under an instruction given by the court to the jury to find him not guilty. The ruling out of the plaintiff's evidence is the error complained of.

At the inception of the trial in the circuit court the plaintiff requested the court to take judicial notice of the fact that the plaintiff is a city of the fourth class. This the court declined to do. The plaintiff thereupon proceeded to give evidence of the reorganization of the village of Billings into a city of the fourth class under the provisions of sections 975, 977, 1579, of the Revised Statutes of 1889. This evidence was excluded by the court, as were also the various ordinances offered in evidence tending to show that the act charged against the defendant was a violation of an ordinance legally adopted by the municipal authorities. These entries were read from the books of the corporation, which were evidence of its official acts both at common law and under the statute. 1 Greenleaf on Evidence, sec. 493; *Andrews v. Boylston*, 110 Mass. 214; Revised Statutes, 1889, sec. 4846.

The statute touching the reorganization of cities of the fourth class (Revised Statutes, 1889, sec. 1579) provides that all courts in this state shall take judicial notice of such reorganization. It is true that the power and duty thus imposed upon the courts to take judicial notice of the existence of a fact implies the power and duty to take judicial notice of its non-existence, if the fact does not exist. In this case, however, the evidence offered by the plaintiff had a tendency to show that the fact did exist and no tendency to show that it did not exist. We are, therefore, at a loss to see on what theory the court declined to take judicial notice of the fact that the city of Billings was a city of the fourth class.

We mention this simply as a matter of argument, because, in the view which we are compelled to take of the proceedings similar to the present, the question cannot be raised in the manner in which it was sought to be raised by the defendant. The plaintiff was acting as a city of the fourth class. For aught that appears it was recognized by the state as such, and whether it was or was not such a corporation could not be questioned by the defendant in a proceeding for a violation of one of its ordinances, but only by proceedings of ouster on behalf of the state. The cases of *Board v. Shields*, 62 Mo. 247, 251, 252; *Inhabitants of Fredericktown v. Fox*, 84 Mo. 59, 65; *Pierce v. Town of Lutesville*, 25 Mo. App. 317, 320, and *Eubank v. City of Edina*, 88 Mo. 650, 654, necessarily lead to that conclusion. In *Whalin v. City of Macomb*, 76 Ill. 49, it has been expressly decided that the question whether a municipal charter has been forfeited cannot be raised in defending against the ordinance, but only in direct proceedings by *quo warranto*.

It results from the foregoing that the judgment of the circuit court must be reversed and the cause remanded. So ordered. All the judges concur.