THE CITY OF CLARENCE, Respondent, v. ELI C. PATRICK, Appellant.

St. Louis Court of Appeals, May 31, 1893.

1. **Admission of Irrelevant Evidence:** PREJUDICIAL EFFECT. Irrelevant evidence was admitted in this cause, and the verdict was against the weight of the evidence. *Held*, that the error in the admission of this evidence must be deemed to have been prejudicial.

*Per Bond J.*:

2. **Affidavit**: JURAT. A complaint for the violation of an ordinance of a city of the fourth class was verified by the marshal before the mayor of the city. The jurat was signed by the mayor in his own name individually without any reference to his office, but it was sealed with the official seal, which bore the name of the city and the words, "mayor's office." *Held,* that the verification was sufficient.

3. **Municipal Corporations**: EVIDENCE OF ORDINANCES. A municipal ordinance need not be proved by a printed or certified copy of it; it may be proven by entries on the books of the corporation.

4. **City of the Fourth Class**: JUDICIAL NOTICE OF INCORPORATION. Courts will take judicial notice of the reorganization of all cities of the fourth class.

*Appeal from the Shelby Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED AND REMANDED.

*W. O. L. Jewett,* for appellant.

(1) There was no affidavit as a foundation of this case. The pretended affidavit was simply signed "M. Dimmitt." It does not appear that he had any authority to administer oaths. At the top of the instrument, it says: "Before M. Dimmitt, mayor of the city of Clarence, Missouri." But that is no part of the complaint, and does not cure the defect below. (2) There was no legal proof that Clarence was a city of the fourth or any other class. (3) There was no proof such as is required by section 4846 of the Revised Statutes of 1889 of the passage of any ordinance. No printed or certified copy of the ordinance was offered as provided by section 4846 of the Revised Statutes. (4) The court permitted witnesses over defendant's objection to testify that defendant's cow and other stock had been seen on the streets at other times than that at which she was taken up by the boys,

to-wit, the night of April 24, 1891. This was calculated to and did prejudice the defendant before the jury. The question involved was whether defendant's cow was legally impounded this time; not what might have been done at other times.

*R. P. Giles*, for respondent.

(1) The complaint is duly verified by the affidavit of the marshal. The failure of M. Dimmitt, the mayor, to append tha word "Mayor" to his signature is of no consequence. His official character fully appears from the words used at the beginning of the complaint and the seal attached. (2) Appellant contends that there was no legal proof that Clarence was a city of the fourth class. No proof was necessary, as the court will take judicial notice that Clarence is a city of the fourth class. Revised Statutes, sec. 1579; *City of Savannah v. Dickey*, 33 Mo. App. 522. (3) The ordinance was duly proved by the ordinance book read in evidence. *Tipton v. Norman*, 72 Mo. 380; 1 Dillon on Municipal Corporations [4 Ed.] sec. 422. The original ordinances or the book in which they are recorded are the primary evidence. 1 Dillon on Municipal Corporations, sec. 422, *supra*. The provision in the statute, Revised Statutes, sec. 4846, admitting printed ordinance to be read in evidence, does not affect the right to introduce the book of ordinances, which is the best evidence. That section is cumulative; it furnishes an additional mode of proof, but it does not render inadmissible that which was evidence before its passage. (4) It was proper to admit evidence that defendant's cow and other stock had been running at large at other times prior to April 24, 1891, and was made so by the line of defense set up by the defendant. The question of intent was involved upon which this

evidence has a bearing.    Again it was made admissible, in response to certain statements of defendant, made in his examination in chief, about the boys of the town annoying him and his family about that cow.

BOND, J.—This was a prosecution for a violation of an ordinance of the city of Clarence founded on the complaint of the marshal, as to which the only objection urged by appellant is that the jurat was attested by M. Dimmitt without any addition of his official character as mayor of the city.

The section of the ordinance which defendant was charged with having violated is as follows, to-wit:

"Whoever shall, either directly or indirectly, open, break or otherwise injure or interfere with the stray pen provided for in section 2 of this ordinance, or shall lend or take out any animal or animals of the species mentioned in section 1 of this ordinance, inclosed in said stray pen, without the consent of the city marshal, mayor or president of the board of aldermen, shall be deemed guilty of a misdemeanor, and upon conviction thereof be fined not less than $5 no more than $50 for each such offense."

There was a trial in the mayor's court; upon appeal therefrom to the circuit court a verdict of conviction was rendered upon conflicting evidence.    From this judgment of the circuit court an appeal has been prosecuted to this court and the following errors are assigned:    *First.* The insufficiency of the signature of the mayor to the affidavit of the marshal to the complaint, in that the mayor only signed his personal name "M. Dimmitt" to the jurat.    *Second.* Insufficiency of proof of ordinance charged to have been violated. *Third.* That there was no legal proof that the city of Clarence was one of the fourth or any other class. *Fourth.* The reception of evidence offered against

defendant's objection that his cow and other stock had been seen on the street at other times than as charged in the' complaint. *Fifth*. The refusal of instructions asked by the defendant.

We do not think there is any merit in the first assignment of error. Section 1635 of the Revised Statutes, 1889, provides that the complaint of the marshal of the violation of a city (fourth class) ordinance, if the defendant be not present in court or in custody, "shall be in writing and sworn to." In the case at bar the complaint was sworn to before the mayor, who signed his individual name to the jurat and affixed thereto the seal of his office bearing these words, to-wit: "City of Clarence, Missouri, mayor's office." We hold that this was sufficient to validate the affidavit.

Neither is there any merit in the second assignment of error, that the ordinance was not proved because a printed or certified copy thereof was not offered in evidence. It was proved by an entry on the books of the corporation. This we held was sufficient at the present term. *City of Billings v. Dunnaway*, *ante* p. 1.

We have also decided in the case cited that, in a proceeding for the violation of one of its ordinances, the question of corporate existence cannot be raised against a city acting as one of the fourth class (*Inhabitants of Fredericktown v. Fox*, 84 Mo. 59, 65); that such issue could only arise upon proceedings of ouster on behalf of the state, and that we would take judicial notice of the reorganization of all cities of the fourth class as required by section 1579 of the Revised Statutes, 1889. These conclusions dispose of the third assignment of error, to the effect that there was no legal proof that the city of Clarence was one of the fourth class. It is untenable.

The fourth assignment of error, to-wit, the reception of evidence that the stock of defendant and the cattle of others had been seen on the street at other and different times in violation of the terms of the ordinance, was well taken. Such evidence related to different transactions than the one being investigated, and should not have been received over the objection of the defendant. It was calculated to influence the minds of the jury unduly against the theory of the case as presented by the testimony of his witnesses. Since the verdict seems to be against the weight of the evidence, it was necessarily prejudicial. Judge BIGGS concurs in the result. We therefore reverse the judgment and remand the cause for another trial. Judge. ROMBAUER is absent.

### CONCURRING OPINION.

BIGGS, J.—The defendant admitted that he took his cow from the stray pen without the knowledge or consent of the authorities of the town. The case was tried on the theory (in which both sides acquiesced), that this act of the defendant was a violation of the ordinances, provided the impounding of the cow was under the facts and circumstances the reasonable exercise of municipal power. The defense was that the animal was left temporarily in charge of the defendant's daughter on unfenced ground at the rear of defendant's premises while defendant went to his supper, and that pending the interval the cow, under the orders of the town marshal, was taken from the custody of the child against her will and impounded in the stray pen. This state of facts was established by the testimony of five or six witnesses, and the court instructed the jury that, if they found that the cow was at large under such circumstances, the defendant should be acquitted. The

court, against the objections of the defendant, admitted evidence in rebuttal to the effect that during the previous year the defendant had been in the habit of permitting other stock belonging to him to run at large in the town; that the marshal had been put to a great deal of trouble on this account; and that the marshal in the discharge of his official duties acted impartially, that is, that he impounded stock belonging to other parties when found running at large contrary to the terms of the ordinance.

This testimony was irrelevant, and as the weig ' of the evidence is in our opinion clearly in favor of the defendant on the only issue tried, the reasonable conclusion must be that the jury was misled by the objectionable testimony. This precludes us from holding that the error was a harmless one. I therefore concur in reversing the judgment.