## Ex Parte H. A. Keeling.

### No. 3868. Decided June 24, 1908.

**1.—City Charter and Ordinance—Habeas Corpus—Corporate Existence—Quo Warranto.**

Where upon habeas corpus proceedings the record showed that the relator was arrested for a violation of a city ordinance and contended that said city had no corporate existence. Held, that such question and the election and incumbency of said city's officers could not be inquired into in any such proceedings, and that the only way such an attack could be made was by quo warranto proceedings.

**2.—Same—Enacting Clause—Ordinance.**

Where the enacting clause of the ordinance under which the relator was arrested followed the statute literally, the same was not subject to attack; and this although the city had retained its original corporate name to wit: "Mayor, Alderman and inhabitants of the City of Calvert," in changing from a special charter to one under the provisions of the Revised Statute.

**3.—Same—Corporate Name—Prescription—Custom—Usage—Locus of Corporation.**

Where a city had for more than thirty years continuously used its corporate name in all the official acts and proclamations of said city, it acquired said corporate name in fact by custom, usage and prescription; and the occasional additional name of the word Texas was merely descriptive of the locus of said corporation.

Appeal from the County Court of Robertson. Tried below before the Hon. J. W. Woods, in vacation.

Appeal from habeas corpus proceedings asking release from an arrest under city ordinance and commitment thereunder.

The opinion states the case.

*J. E. Bishop* and *Hudson & Wilson,* for relator.—On question of corporate name: Constitution of Texas, article 3, section 56; Revised Stat-

utes of Texas, article 381, 383 and 559; Railway Co. v. Harris, 36 S. W. Rep., 776; O'Donnell v. Johns, 76 Texas, 362; Mathews v. State, 82 Texas, 577; 15 A. & E. Ecy., 1 ed., 969; Dillon on Mun. Corp., sec. 117; 7 A. & E. Ency., 2 ed., 685, 688 and 668; 8 A. & E. Ency., 2 ed., p. 753.

*F. J. McCord,* Assistant Attorney-General, for the State.

*Lane & Woods* and *R. W. Purdom,* for respondent.—Cited cases in opinion.

RAMSEY, Judge.—The relator was arrested by C. R. Lovett, city marshal of the City of Calvert on the 13th day of July, 1907, by virtue of a capias which purported to be issued by the corporation court of the City of Calvert. Relator sued out a writ of habeas corpus before the county judge of Robertson County, which was granted, and the hearing thereof set for the 23rd day of July, 1907. On a hearing, relator was remanded to the custody of the city marshal.

1. The relator's assignment of error, and the only one, is as follows: "The court erred in remanding the defendant, H. A. Keeling, to the custody of C. R. Lovett, city marshal of the pretended City of Calvert, in this, because the complaint upon which the capias in this case is founded, and by virtue of which the defendant is held in custody, is illegal, null and void, and of no force or effect in law, because said complaint charges the defendant, H. A. Keeling, with the offense of violating a stock law ordinance of the pretended City of Calvert, Texas, which purports to have been passed and approved by the pretended mayor and city council of the pretended City of Calvert, Texas, on the 3rd of July, 1907, when there does not exist in the law of the State of Texas any such municipal corporation known by the name of the City of Calvert, Texas, because said ordinance does not have prefixed thereto a proper or legal enacting clause, and was not passed by any body of persons or officials, or any city council, or municipal corporation having power or authority to make complaints and issue warrants of arrest, or to pass ordinances governing any municipal corporation known to the law of the State of Texas, because said complaint purports to have been made by the city marshal of the City of Calvert, and said ordinance purports to have been passed and approved by the mayor and city council of the City of Calvert, Texas, when there is not now and never was a municipal corporation known to the law of the State of Texas by the name of the City of Calvert, Texas." It appears from the evidence that in 1871 the City of Calvert, was incorporated by the Legislature of the State of Texas. The act of incorporation purports to be an act to incorporate the City of Calvert, in Robertson County, and by its terms ordains that the inhabitants of the City of Calvert in Robertson County shall be and they are declared a body politic and corporate under the name and style of the "Mayor, aldermen and in-

habitants of the City of Calvert," and provides that they shall be
known in law by this name and shall have the usual powers of corpora-
tions. On the 8th day of May, 1896, the city council of Calvert passed
an ordinance accepting the provisions of the Revised Statutes of Texas,
relating to cities in which, in substance, it was decided to surrender the
special charter of the city and to operate under the general laws of
the State. By this ordinance, however, it was provided that they were
to retain the corporate name the "Mayor, aldermen and inhabitants of
the City of Calvert." The particular ordinance under which relator
was arrested contained an enacting clause as follows: "Be it or-
dained by the city council of the City of Calvert, etc.," and was ap-
proved on the 3rd day of July, 1907. The testimony showed, without
dispute, that Calvert had been called and known by the name "City
of Calvert" and all ordinances and resolutions passed and adopted had
been in the name of the "City of Calvert," and that for many years
all elections had been held, all the officers elected, all taxes levied and
collected all bonds issued, all trials had and fines imposed and collected,
all ordinances promulgated by authority of the mayor and city coun-
cil of the City of Calvert, and all mail addressed to Calvert, Texas;
that all freight and express shipped to persons in said municipal cor-
poration is shipped to Calvert, Texas; that the depot is known as Cal-
vert, Texas, and the postoffice is known as Calvert, Texas. Its existence
and status as a municipality is shown to have been recognized without
dispute for quite thirty years. The ordinance is claimed to be invalid,
in the first place, because it is urged that its principal officers were
not elected, and its laws have not been enacted under the name of the
"Mayor, aldermen and the inhabitants of the City of Calvert," and for
the reason that the addition of the word "Texas," after the name
"City of Calvert" is in addition thereto unknown to its creation and
in fact, forms no part or parcel of its real name. We think that re-
lator was properly remanded and that in such proceeding as this the
legality of the corporate existence of the City of Calvert, and the elec-
tion and incumbency of its officers can not be inquired into in any such
proceeding, but the only way that such an attack could be made would
be in the nature of quo warranto proceedings. Revised Statutes (Civil),
article 4343; Brennan v. Bradshaw, 53 Texas, 330; White v. Kuanah, 27
S. W. Rep., 840; McCrary v. Comanche, 34 S. W. Rep., 680; Higgins v.
Bordages, 28 S. W. Rep., 350; Eustis v. Henrietta, 37 S. W. Rep.,
636; Troutman v. McClesky, 27 S. W. Rep., 173; State v. Birch, 85
S. W. Rep., 361; State ex. rel. Chandler v. Huff, 79 S. W. Rep., 1010;
Town of Decorah v. Gillis, 10 Iowa, 234; Town of Frederickton v.
Fox. 84 Mo., 59; Judson v. Platsburg; Fed. case No. 717 (3 Dill. 181);
Harris v. Nesbit, 24 Ala., 398; Hamilton v. City of Carthage, 24 Ill.,
22; Tisdale v. Town of Minonk, 46 Ill., 9; Railway v. Shires, 108 Ill.,
617; City of Billings v. Dunnaway, 54 Mo. App., 1; City of Clarence v.
Patrick, 54 Mo. App., 462; State v. Whitney, 41 Neb., 613. We think
there is no valid objection to the enacting clause and hold that same is

not subject to attack. Article 559, Revised Statutes, provides that the style of all ordinances shall be, "Be it ordained by the City Council of the City of ——" (inserting the name of the City). The enacting clause in this case follows the statute literally. According to relator's contention to have made the enacting clause valid it should have read, "Be it ordained by the City Council of the City of the 'Mayor, aldermen and inhabitants of the City of Calvert.'" We think in any event such mere literalism is not to be seriously treated. Again, we think the due arrest and detention of relator might be upheld on the proposition that the City of Calvert has for more than thirty years continuously used the name of the "City of Calvert" in all the official acts and proclamations and, has by custom, usage and prescription, acquired said corporate name in fact. 7 A. & E. Enc. of L. 2nd Ed., page 685, b (2) and page 685 (3); Brennan v. Bradshaw, 53 Texas 330; Town of Henderson v. Davis, 106 N. C., 88 (11 S. E., 573); West v. City of Columbus, 20 Kansas, 633; State ex. rel, Chandler v. Huff, 79 S. W. Rep., 1010; 20 A. & E. Enc. of L. 2nd Ed., Municipal Corp. 11, page 1143 and notes. Nor do we think that the addition of the word "Texas" occasionally, or even continuously would make any difference. This word would be merely descriptive of the locus of said corporation and would not alter its corporate name or affect its legality, and that the use of the name, "City of Calvert," continuously for all these years in all its official acts and proclamations substantially estops said corporation and all of its members from questioning the legality of said corporate name. From what has been said, it follows that we think the arrest and detention of relator was under color of authority, in any event, and that he is without remedy by writ of habeas corpus and he is therefore remanded to the custody of the city marshal.

*Remanded to custody.*