City of Savannah v. Dickey.

CITY OF SAVANNAH, Respondent, v. EZRA T. DICKEY, Appellant.

**Kansas City Court of Appeals, February 4, 1889.**

1. **Judicial Notice:** INCORPORATION OF A CITY. In a proceeding by the city of Savannah against defendant for the violation of its ordinance, it is not necessary to allege or prove its incorporation, as the court will take judicial notice that Savannah is a city of the fourth class. (R. S. sec. 4931).

2. **Complaint Under Municipal Ordinance:** UNLAWFULLY VS. WILFULLY. The objection that the complaint uses " unlawfully," and the ordinance uses " wilfully," will not be considered well taken in a proceeding under an ordinance.

*Appeal from the Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*N. B. Giddings,* for appellant.

On the trial in the court above, plaintiff read in evidence, in support of his case, the complaint, also that part of the ordinance on which the suit is based. The complaint fails to state that the city of Savannah is incorporated, and respondent did not prove or offer to prove, that it was. Defendant therefore does not know that said city was incorporated, and if incorporated, under what charter. The complaint uses the word unlawfully for wilfully. It should have used the language of the ordinance. The meaning of the words is very different —one may be unlawfully guilty of an offense, when not wilfully guilty, as in this case. *Memphis v. O'Connor,* 53 Mo. 468 ; *State v. Blankhead,* 25 Mo. 558 ; *State v. Hopper,* 27 Mo. 599.

*Pembroke Mercer*, for respondent.

It was not necessary to prove that Savannah was an incorporated city of the fourth class, because all courts are required to take judicial notice of that fact. R. S. 4931. The complaint is sufficient. *St. Louis v. Vert*, 12 Mo. App. 571; *City v. Knox*, 74 Mo. 79; 74 Mo. 395; R. S. sec. 4983. And is the same in form and substance, including venue, as provided by the act approved March 24, 1887, for towns and villages.

ELLISON, J.—Defendant was convicted of committing a nuisance by keeping on premises occupied by him the carcass of a dead mule, contrary to an ordinance of the city of Savannah.

I. Defendant complains that there was no proof or allegation of the incorporation of the city. Such allegation and proof is not necessary. We will take judicial notice that the city of Savannah is a city of the fourth class. R. S., sec. 4931.

II. The next complaint is that the defendant is charged to have "unlawfully" kept and maintained the nuisance, when the ordinance on that subject is, whoever shall "wilfully" keep or maintain, etc. This objection will not be considered well taken in a proceeding under a municipal ordinance where the same precision of pleading is not required as under an indictment.

Other objections were made to the proceeding and we have given them due consideration, but think they are not well taken. The judgment is affirmed. All concur.