State ex rel. v. Althaus.

STATE OF MISSOURI *ex rel.* PAPE BROS. MOULDING COM-
PANY, Respondent, v. W. J. ALTHAUS
*et al.*, Appellants.

St. Louis Court of Appeals, December 18, 1894.

1. **Chattel Mortgages:** BREACH OF CONDITION AGAINST ATTEMPT TO
SELL PROPERTY: EFFECT OF LEVY OF PROCESS. A condition in a chat-
tel mortgage, authorizing the mortgagee to take possession of the
mortgaged property in case of a sale thereof, or attempt to sell the
same, includes involuntary alienations or attempts thereat, and is
accordingly broken by an attempt to sell the property under an execu-
tion against the mortgagor.

2. ————: SUFFICIENCY OF DESCRIPTION OF PROPERTY. The description
of the personalty conveyed by a chattel mortgage is sufficient, if by
its aid, together with the aid of such inquiries as the instrument itself
suggests, a third person can identify the property covered.

*Appeal from the St. Louis City Circuit Coart.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*Mills & Flitcraft* for appellants.

(1) A creditor has the right to levy upon the inter-
est of the mortgagor in personal property, and to sell
such interest before the condition of the mortgage is
broken, and such sale does not create a cause of action
in favor of the mortgagee against the execution credi-
tor. *State to use v. Carroll*, 24 Mo. App. 358; *Chandler
v. West*, 37 Mo. App. 631; *Boeger v. Langenberg*, 42
Mo. App. 7; *Lafayette Bank v. Metcalf*, 29 Mo. App.
391; *Springgate v. Koppelmann*, 51 Mo. App. 6; *Hell-
man v. Pollock*, 47 Mo. App. 205; *Pollock v. Douglass*,
56 Mo. App. 487; *Bank v. Fisher*, 55 Mo. App. 51.
(2) The mortgage was void for lack of proper descrip-

tion and location of the property. *Bozeman v. Fields*, 44 Mo. App. 432; *Chandler v. West*, 37 Mo. App. 631; *Jennings v. Sparkman*, 39 Mo. App. 663; *Estes v. Springer*, 47 Mo. App. 99. (3) The excess of the indebtedness stated in the mortgage over the actual indebtedness renders the mortgage absolutely void as to creditors, and it did not devolve upon defendants to prove that the mortgagee participated in any fraudulent design. *Nat. Tube Works v. Ring*, 118 Mo. 365; *State ex rel. v. Hope*, 102 Mo. 429; *Brasher v. Jemison*, 12 S. W. Rep. (Tex.) 809; *Cordes v. Straszer*, 8 Mo. App. 61; *Hanna v. Finley*, 33 Mo. App. 645.

*Robt. W. Goode* for respondent.

BOND, J.—On December 8, 1890, the Strudel Mirror Company, a trading corporation, executed a chattel mortgage on a portion of their stock in trade to the Pape Brothers Moulding Company, also a business corporation, to secure an indebtedness of $1,092.75, evidenced by four promissory notes, maturing in thirty, sixty, seventy-five and ninety days. The mortgage provided that the property therein described was to be kept at number 14 South Commercial street, St. Louis, Missouri, and not removed therefrom; that, in case of sale or removal, or attempt to sell or remove, the mortgagee might take possession, otherwise, possession to remain in the mortgagor until default; and that, upon the failure to pay any note as it fell due, all others should at the option of the mortgagee become due at once. Prior to the making of this instrument, the mortgagor had conducted its business at number 25 South Fourth street. After the making of the mortgage the mortgagor removed its place of business to the store therein described, to wit: Number 14 South Commercial street, and had

begun hauling its stock in trade to said store, and had delivered several loads there, when a constable in charge of two executions against said mortgagor seized thereunder the portion of the stock which had not been actually carried to the store designated in the mortgage, and stopped any further removal of the mortgaged effects. Plaintiffs thereupon made claim to the portion of the property described in said mortgage, which had been seized by said constable. The attorney for the execution plaintiffs directed the constable to release the levy of one execution upon the mortgaged property and retain the levy upon unmortgaged articles, but to retain the levy of the other execution upon certain specific property described in the mortgage and in the claim made by plaintiffs as mortgagees. To indemnify plaintiffs against the sale of these specific things, defendants gave a bond as prescribed by law, whereupon the constable, after an appraisement, undertook to sell and dispose of the entire title and ownership in said property, and applied the proceeds of such sale to the execution in favor of defendant Fitzpatrick & Company. After the maturity of the first note secured in said mortgage, plaintiffs instituted this suit for breach of the aforesaid bond.

On the trial the only question as to the extent and good faith of the indebtedness of the mortgagor arose from a statement of its president that, before giving its notes for the amount mentioned in the mortgage, he had shipped the plaintiffs a lot of pictures to be examined, and, if approved, to be credited to said mortgagor; that, when these goods were sent, he credited his own valuation on his own books; that he had heard nothing from plaintiffs as to this shipment, or their approval thereof, at the time plaintiffs' attorney demanded the mortgage to secure the unpaid balance of $1,092.75. There was no evidence that said attor-

ney was advised as to such shipment when he took the mortgage to secure the sum above stated, which sum, omitting any account of said shipment, was the balance then due by the mortgagor to the plaintiff. There was verdict and judgment for plaintiff, from which defendants appealed.

The first point made on this appeal is that a mortgagor in possession until default, has, prior to that time, a vendible interest, which may be sold under execution without subjecting the purchaser to replevin or trover before breach of the condition of the mortgage. This proposition is unquestionably sustained by the appellate courts of this state. *Bank of Little Rock v. Fisher*, 55 Mo. App. 51; *Chandler v. West*, 37 Mo. App. 631; *Barnett v. Timberlake*, 57 Mo. 499. It, however, has no relevancy to the facts presented by this record. In the first place the constable who seized and sold the property, for which the bond in suit was given, did not confine his seizure and sale to the interest of the mortgagor therein under the possession left with him by the deed, but levied upon and sold the property in question as *absolutely* that of the mortgagor, and by this disposition undertook to defeat the charge created by the instrument. As the effect of this sale was a dispersion of the property necessitating its loss to the plaintiff, it was clearly a breach of the condition of the bond made to secure plaintiff from any loss in consequence of the sale thereof by the constable. Neither is the present action prematurely brought; for, whether or not it could be brought before default in payment for the sale of a greater interest than that of the mortgagor, it evidently could be brought after such default for any prior sale prejudicial to the title vested in the mortgagee by the terms of the instrument.

The next point is that the mortgage is void for lack of description and location of the property. This

objection is not well taken. The mortgage describes fully and specifically each article conveyed. The evidence shows that this description was sufficient to enable the representatives of the defendant to pick out and appraise item by item each mortgaged article as contradistinguished from other portions of the stock on hand at the same place. It is apparent that such a description of the property was reasonably accurate and definitive. The law does not require the means of identification to go beyond this limit. Neither is the contention, that the mortgage is void because the property is not located, supported by the facts in the record. These are that the mortgagor owned only one stock of goods in St. Louis; that it rented a house shortly before making this mortgage for the future location of its business; that, when the mortgage came to be made, the new place of business, to wit, number 14 South Commercial street, St. Louis, Missouri, was inserted as the place where the mortgaged property should be kept. After the making of the deed the property described in the mortgage was in process of actual transportation to this place, and some of it was seized while the delivery was going on.

All that is required to make the description of personal property in a chattel mortgage sufficient to pass title as to third persons is that "a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered." *Stonebraker v. Ford*, 81 Mo. 532; *Bozeman v. Fields*, 44 Mo. App. 432.

In the case at bar there is no complaint as to the insufficiency of the physical description contained in the mortgage of the articles therein conveyed. It is only insisted that their location was not inserted. Applying the rule above quoted, it was only necessary for third parties to take the instrument of mortgage in

question and go to the place designated, to wit, number 14 South Commercial street, St. Louis, Missouri, in order to find a large portion of the mortgaged effects already delivered there, and the remainder in visible process of transportation to that location from the former location of the maker of the instrument, which, being long established and well known, was a matter of ready inquiry and ascertainment. The same purpose might have been subserved by taking the mortgage instrument in the first instance to the well known location of the grantor therein, where it would have appeared that the property described in the mortgage was being openly and visibly carried to the place designated therein for its location. We, therefore, hold the facts shown in this record bring the case at bar within the rule above stated, and that the mortgage executed to plaintiff was not void for uncertainty in the location of the property.

The third point insisted upon for a reversal of this case is that the mortgage was given partly to secure "fictitious demands, not honest debts," and, being taken for that purpose, was fraudulent as to the creditors of the mortgagor. There can be no question about the correctness of the rule of law thus stated. *Cordes v. Straszer*, 8 Mo. App. 61; *Hanna v. Finley* 33 Mo. App. 645; *State ex rel. v. Hope*, 102 Mo. 410; *National Tube Works Co. v. Machine Co.*, 118 Mo. 365. It is equally true, however, that evidence of fraud on the part of the debtor in a transaction, whether by a sale or mortgage, for the purpose of paying or securing his indebtedness does not raise any presumption of fraud on the part of the creditor. As to this it has been aptly said by the supreme court: "If the creditor is guilty of fraud, it is because he is a participant in the fraudulent intent of the debtor. To charge that he is such a participant is to charge him with fraud. Upon

him who charges fraud rests the burden of proof. The fact that another is guilty of fraud in the same transaction can not, in the nature of things, shift the burden of such proof." *State ex rel. v. Hope, supra, loc. cit.* 428.

In the case at bar there is no evidence whatever of any knowledge on the part of the attorney of plaintiffs who procured the mortgage in its favor, that the amount therein secured was not a true balance of indebtedness due from the mortgagor at that time. Nor is there any evidence whatever that the mortgagee had any intention of taking the security afforded by the mortgage to cover any indebtedness beyond that actually due at the time. The mortgagee lived in Cincinnati; the whole transaction is shown to have been consummated by its attorney in St. Louis, and there is not a particle of testimony tending to show that he was aware of the fact that the mortgagor had made shipment to his client for approbation and future credit on the accounts between. As the undisputed evidence also shows that, at the time the mortgagor executed the instrument, it had not been informed of the acceptance of the shipment in question, it was clearly its duty to set out its indebtedness in the mortgage at the sum at which it stood, irrespective of what might be thereafter allowed in the event of the approval of said shipment. It follows, therefore, that there is nothing in this record to show that at the time of the execution of said mortgage it was given, or received, for an amount in excess of the actual indebtedness of the mortgagor; and that there was no error on the part of the trial court in refusing the instruction, requested by appellants, that, if the mortgage was given for a larger sum than was then due, it was fraudulent. Nor did the trial court commit any error, of which appellants can complain, in giving the instruction of its own motion to the effect

that, if the evidence disclosed that the actual indebtedness between the parties to the mortgage was less at the time of its execution than the amount therein secured, and that the mortgagee accepted the same for an amout in excess of its just claim, with intent to hinder, delay or defraud other creditors of the mortgagor, it was fraudulent.

Finding no reversible error in this record, the judgment herein is affirmed. Judge ROMBAUER concurs; Judge BIGGS is absent.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The mover claims that the opinion is opposed to *Springate to use of Nelson Distilling Company v. Koppelman Furniture Company*, 51 Mo. App. 1, in that it ignores the fact, that before condition broken, the mortgagor in possession had a vendible interest in the goods. The mover ignores the fact, that the plaintiffs' claim to the property was made after condition broken. The mortgage recites, that "in case of sale or disposal, or attempt to sell or dispose of said property," the mortgagees may take the said property or any part thereof into their possession. It was correctly decided by the Kansas City court of appeals in *Brown v. Hawkins*, 54 Mo. App. 75, that this clause in a mortgage is broad enough to work a default by an *attempt* of involuntary alienation. As to the date of the claim there was an *attempt to sell the goods* under executions against the mortgagor, the mortgagee became at that date invested with the full legal title, and no right remained in the mortgagor which was the subject of sale.

The motion for rehearing is overruled. All the judges concur.