| 64 | 63 |
| 74 | 233 |
| 74 | 246 |

STATE OF MISSOURI to the use of ST. LOUIS BREWING
ASSOCIATION, Respondent, v. PIERCE
MURPHY *et al.*, Appellants.

St. Louis Court of Appeals, December 10, 1895.

Chattel Mortgage: CONDITION AGAINST ATTEMPTED DISPOSITION OF
MORTGAGED PROPERTY: INVOLUNTARY BREACH. A condition in a
chattel mortgage against the sale or attempted disposition of the
mortgaged property is broken by the levy upon, and sale of, the
entire title under a writ of attachment against the mortgagor.

State to use v. Murphy.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*Henry B. Davis* for appellants.'

*Kehr & Tittmann* and *Theodore Rassieur* for respondent.

Bond, J.—Relator sues defendant, a constable, on his official bond for damages arising from a levy upon and sale by defendant, under a writ of attachment, of certain property claimed by relator under a mortgage. The answer admits the execution of the bond sued on, and the award of a writ of attachment against the mortgagor. It avers that said relator was a party to a fraudulent purpose on the part of the mortgagor to defraud his creditors in the making of said instrument. Issue was joined by reply. After hearing the evidence and giving declarations of law, the court, a jury being waived, rendered a verdict for relator, and entered judgment for the penalty of the bond with an assessment of damages at $176.10, from which defendants appeal.

All the declarations of law requested by defendants were given, except one, as to which no error is assigned.

It is first insisted by appellants that the mortgage assigned to relator by one Hannauer did not contain the entire contract between the parties thereto, in this, that an oral agreement was had between relator and the mortgagor, continuing the right of possession in the mortgagor beyond the time stipulated in the instrument, and further that no default was shown by the evidence within the time thus extended by verbal agreement. If it be conceded that appellant is sustained by

the record as to the first proposition, *i. e.*, the extension of time of possession, he is clearly not borne out thereby as to the non-occurrence of a default within the time the possession of the mortgagor was thus extended, since it is well settled, where a mortgage contains, as the one in question does, a provision authorizing possession to be taken by the mortgagee in case of a sale or attempted disposition of the property, that a levy of attachment or execution is such an involuntary disposition of the property as will entitle the taking of possession as for a breach of such condition. *State ex rel. v. Althaus*, 60 Mo. App. 129; *Huiser v. Beck*, 55 Mo. App. 668–675; *Brown v. Hawkins*, 54 Mo. App.75. In the case at bar the seizure of the property and sale of the entire interest therein shown by the return on the writ of attachment operated *per se* to authorize relator, as assignee of the mortgage, to take immediate possession of the property therein conveyed. The point under consideration is, therefore, ruled against appellants.

It is next insisted by appellants that the mortgage was fraudulent as modified by a subsequent agreement between the parties, that the mortgagor should retain possession and sell the goods in the usual course of business and make no accounting on the debt secured. As an abstract proposition of law this would be correct, but in the present case its application depends upon the conclusion reached by the trier of the facts as to the existence of such an agreement. Hannauer, who acted for relator in procuring the mortgage, testified that he never made any such agreement. The court might well have found under the evidence that such an agreement never existed.

The solution of the issues raised by the evidence as to whether any agreement existed between the parties

providing for the sale of the mortgaged effects by the mortgagor without accounting for the proceeds to the mortgagee, or as to the time of the making of such agreement, if any was had, depended on the credence which the trial judge gave the conflicting evidence on these points. With his action in that respect we have nothing to do, upon the familiar principle that appellate courts do not weigh the evidence. No legal error during the progress of the trial is assigned, or properly saved for review. The result is that the judgment will be affirmed. All concur.