## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### MARCH TERM, 1897.

*(Continued from Volume 69.)*

STATE *ex rel.* JONES & WHITE, Respondents, v. J. W. WHITE *et al.*, Appellants.

Kansas City Court of Appeals, March 22, 1897.

1. **Trespass: CHATTEL MORTGAGE: LEVY: DEMAND.** A sheriff with a writ of attachment can levy on mortgaged property of the defendant without being a trespasser, but as soon as the mortgagee demands possession of the property the sheriff will become a trespasser and liable on his bond, as the condition against a sale is broken by the seizure of the sheriff.

2. ———: ———: **DAMAGES.** Where a mortgagee sues a sheriff in trespass for levying on the mortgaged property, the measure of damages to the plaintiff is his special interest in the property.

3. ———: ———: **PLEADING.** Though in this case the petition seems to lay the trespass in the original levying, yet sufficient facts are alleged and shown to render defendant liable because of the failure of the sheriff to surrender the property after the demand.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Ben Eli Guthrie* and *B. R. Dysart* for appellants.

(1) The petition is fatally defective, and fails to state a cause of action in this: It fails to allege that the relators were in possession of the mortgaged property under the mortgage at the time of the attachment; that relators were legally entitled to the possession at the time of the attachment; that there had been any default in the payment of the mortgage debt or any part thereof; or any breach of the conditions of the mortgage, authorizing the relators to assume possession and control of the mortgaged property; that the note or debt secured by the mortgage was due and unpaid at the time of the attachment. A petition must state all the facts necessary to be proved in order to recover. *Springate to use v. Furniture Co.*, 51 Mo. App. 1; *Brown v. Hawkins*, 54 Mo. App. 75; *Pollock v. Douglass*, 56 Mo. App. 487; *Hellman v. Pollock*, 47 Mo. App. 205; Waples on Attachment and Garnishment, p.146; *Id.*, p. 473; *Huiser v. Beck*, 55 Mo. App. 668; *Henton v. Spearman*, 62 Mo. App. 307; *State ex rel. v. Althaus*, 60 Mo. App. 122; *Bank v. Fisher*, 55 Mo. App. 51; *Barnett v. Timberlake*, 57 Mo. 499. (2) The relators were not entitled to recover on the undisputed facts in the case upon the evidence offered on their own behalf. See all the authority cited under first point made in this brief, and *Chandler v. West*, 37 Mo. App. 631. (3) The seizing and removing of the mortgaged property under the attachment simply gave the mortgagees the option to replevy or interplead for the same. Failing to exercise the option, they are presumed to have consented that the property should go to sale under the attachment proceeding subject to their mortgage lien. *Huiser v. Beck*, 55 Mo. App. 668, at pages 674 and 675; *State ex rel. v. Althaus*, 60 Mo. App. 122, and cases cited; *Pollock v. Douglas, supra; Brown v. Hawkins,*

*supra; Barnett v. Timberlake,* 57 Mo. 499; *Henton &
Son v. Spearman,* 62 Mo. App. 307. (4) The petition is
based upon the theory that the relators were the owners
of the property by reason of their mortgage and that
the property was wrongfully seized and converted by
the sheriff. If the property belonged to the mortgagors,
then it was rightfully attached and the sheriff was guilty
of no wrong. The attachment law required the sheriff
under the writ of attachment to levy upon and seize,
among other things, all property, real, personal and
mixed, belonging to the defendants in the attach-
ment proceeding. Sec. 539, Revised Statutes, 1889.
The authorities cited, *supra,* decide that the mort-
gaged property belongs to the mortgagors until condi-
tion broken or default in payment of the mortgaged
debt. It follows that it was not only the right but the
duty of the sheriff to levy upon and seize the prop-
erty in question.

*Chas. P. Hess* for respondent.

(1) The petition states a good cause of action.
(2) The mortgaged property was not subject to attach-
ment and levy. In this state the interest of a mort-
gagor of personal property is subject to levy under
attachment or execution only when he has a definite
and determined right of possession. Jones on Chat.
Mort., 587 and 556; *King v. Bailey,* 8 Mo. 332; *Yeldell
v. Stemmons,* 15 Mo. 443; *Boyce v. Smith,* 16 Mo. 317;
*Foster v. Potter,* 37 Mo. 525; *Dean v. Davis,* 12 Mo.
113; *Bank v. Abernathy,* 32 Mo. App. 211; *Fahy v.
Gordon,* 133 Mo. 427. (3) Nothing can be seized un-
der execution which can not be sold. *Knox v. Hunt,*
18 Mo. 243; *Fahy v. Gordon,* 133 Mo. 427. (4) It is
possible that the law would give a greater right to an
attaching creditor of the mortgagor than the mortgagor

has himself. The law makes it a crime or misdemeanor for a mortgagor to sell or dispose of any of the mortgaged property without the consent of the mortgagee. R. S. 1889, sec. 3570; *Brown v. Hawkins*, 54 Mo. App. 75, 78; *Kennedy v. Dodson*, 44 Mo. App. 550; *State ex rel. v. Althaus*, 60 Mo. App. 122 and 129; *Pollock v. Douglas*, 56 Mo. App. 487; *Huiser v. Beck*, 55 Mo. App. 668. Appellants' attorney calls special attention of the court to *State ex rel. v. Althaus*, 60 Mo. App. 122. We, too, would call the court's especial attention to said case on page 129, on motion for rehearing. (5) The owner whose property has been taken under a writ to which he was not a party, has his choice of remedies by which to seek redress. He may sue in trespass or trover, or he may recover the property taken. The act of the sheriff levying on the mortgaged property, knowing that the mortgagor had no definite and determined right of possession, made him a trespasser. The right of possession was, according to the provisions of the mortgage, destroyed by the levy itself, although in this case the relator did give the sheriff notice after he had levied on the mortgaged property and had placed it in charge of a guard, to deliver possession thereof to relator, which he refused to do. Freeman on Executions, 254; *State v. Moore*, 19 Mo. 369; *Bradley v. Holloway*, 28 Mo. 151; *Dodd v. Thomas*, 69 Mo. 364; *Palmer v. Shenkel*, 50 Mo. App. 579. (6) The mortgage recites, that "in case of sale or disposal, or attempt to sell or dispose of said property" the mortgagees may take the said property, or any part thereof, in possession. Therefore, after the sheriff had attached the property as the property of the mortgagor, and the mortgagees demanded the property to be turned over to them, which the sheriff refused to do, then from that time and date there was an attempt to sell the goods as the goods of the mortgagor and from

that time the mortgagees became invested with a full legal title and no right remained in mortgagor which was the subject of sale. *Hanley v. Davis*, 166 Mass. 1; *State ex rel. v. Althaus*, 60 Mo. App. 129; *Brown v. Hawkins*, 54 Mo. App. 75; *Bank v. Abernathy*, 32 Mo. App. 226; Jones on Chat. Mortg. 433; *Ashley v. Wright*, 19 Ohio St. 291; *Frisbee v. Langworthy*, 11 Wis. 375; *Welsh v. Sackett*, 12 Wis. 243; *Grove v. Wise*, 39 Mich. 161; *Harvey v. McAdams*, 32 Mich. 472; *Huggans v. Fryer*, 1 Lans. (N. Y.) 276. (7) In an action in trover or conversion plaintiff must either allege that he had the legal title to or the right to the possession of the personal property at the time of the alleged conversion. He need not allege both. *Parker v. Rodes*, 79 Mo. 88; *Meyers v. Hale*, 17 Mo. App. 204; *State to use v. Moore*, 19 Mo. 369; *State ex rel. v. Horn*, 94 Mo. 164.

GILL, J.—The plaintiffs sued the defendant White (sheriff of Macon county) and the securities on his official bond, for damages on account of an alleged wrongful levy and conversion of certain plows on which the plaintiffs had a mortgage. At the trial below the circuit court first sustained a demurrer to plaintiffs' evidence and forced a nonsuit; but subsequently the court sustained plaintiffs' motion to set aside the judgment of nonsuit and defendants appealed.

STATEMENT.

The question is, whether or not, under the evidence adduced at the trial, the plaintiffs were entitled to recover. The testimony tended to establish the following state of facts: On October 12, 1893, George L. and David M. Jones, composing the firm of Jones & Jones, and being indebted to plaintiffs, executed their promissory note whereby they promised to pay plaintiffs on January 1, following, the sum of $180;

and to secure this note Jones & Jones made a chattel mortgage covering the plows in question. By the terms of this mortgage (and which was at its date duly recorded) it was agreed that the mortgagors should remain in possession of the property until default be made in the payment of the debt, "but in case of a sale or disposal, or attempt to sell or dispose of said property, or a removal or attempt to remove the same," etc.,  *  *  *  then the mortgagees were entitled to take the same into their possession. The next day after this mortgage was executed and recorded, another creditor of Jones & Jones (the mortgagors) sued them in attachment, and the defendant sheriff, under a writ therein, levied on the plows as the property of the mortgagors. Immediately thereafter, and before the implements were taken from the warehouse wherein they were stored, the plaintiffs, mortgagees, went to the sheriff and demanded possession of the plows. The sheriff refused to deliver the same and shortly thereafter plaintiffs instituted this action.

In our opinion the foregoing facts, and which the evidence tended to prove, made a case for plaintiffs. We concede the contention of defendants' counsel that until some condition of the mortgage was broken the mortgagors had the right of possession of the property, and had, too, an interest therein that might be levied on in attachment or execution. But when the plows were levied upon by the sheriff, in the action against the mortgagors, it became apparent that a sale or disposition thereof was being attempted; and by the terms of the mortgage, there at once vested in the mortgagees the right to take possession for their own security. This they demanded of the sheriff but he refused and took the property away. This was then as to plaintiffs,

TRESPASS: chattel mortgage: levy: demand.

mortgagees, a wrongful conversion for which they had their action against the wrongdoer. Admitting then that the sheriff was not guilty of trespass in seizing the property in the *first instance*, he was yet wrong in detaining the same after demand made therefor by the plaintiffs. At the time when plaintiffs made demand there had been a breach of a condition of the mortgage, and they were then, on the clearest principle, entitled to the property. The condition authorizing the plaintiffs, as mortgagees, to take possession of the mortgaged property "in case of a sale or attempt to sell," is broken as well where the sale, or attempted sale, is about to be made by and through an *involuntary* alienation, as where done or about to be done by the voluntary act of the mortgagor. The numerous decisions cited in briefs of counsel sustain what we have said.

There is no injustice in permitting plaintiffs to recover in this action for conversion, as defendants' counsel in argument seem to think. Said mortgagees would not be allowed to maintain this suit and at the same time recover the property in replevin; they may adopt either but not both means of redress. And besides the plaintiffs are only entitled to recover whatever interest they may have in the property: "Where the action is between the general and special owner directly, or between others claiming under or in privity with them; between a plaintiff having a qualified interest and a defendant who owns the residue, or has an interest in or charge upon it, the damages will be limited by the value of the plaintiff's interest." 3 Suth. on Damages [2 Ed.], sec. 1097; *McCandless v. Moore*, 50 Mo. 511.

While in preparing the petition in this case, the pleader seems to have had in mind that the sheriff

committed a trespass by levying in the first
—:—: instance, and that the title and right of
pleading.      possession was then in plaintiffs, yet
sufficient facts are alleged and shown to render de-
fendants liable because of the sheriff's failure to sur-
render the property when thereafter demanded. The
objections then to the sufficiency of the petition are
not well taken.

The order of the circuit court sustaining the
motion to set aside the nonsuit and for new trial is
affirmed. All concur.

CITY OF TRENTON, Respondent, v. F. M. DEVORSS,
Appellant.

Kansas City Court of Appeals, March 22, 1897.

1. **Municipal Corporations:** PROSECUTIONS FOR VIOLATION OF OR-
DINANCE: INCORPORATION: COLLATERAL. In the prosecution before
a city court for a violation of its ordinance it is not necessary to al-
lege or prove that the plaintiff was incorporated, and the courts will,
as the statute requires, take judicial notice of the incorporation
which can not be attacked collaterally but only in a direct proceed-
ing.

2. **Appellate Practice:** EVIDENCE: EXCEPTION. The appellate court
will not notice the action of the trial court in admitting in evidence
the city ordinance on which a prosecution is founded when no excep-
tion was taken or preserved at the trial.

3. **Municipal Corporations:** PROSECUTION FOR VIOLATION OF ORDI-
NANCE: INFORMATION. Where the ordinance of a city, for the viola-
tion of which a prosecution was instituted, was read in evidence but
not set out in the bill of exceptions, the appellate court can not
determine whether the facts in the complaint constitute a breach of
the ordinance or not. However, the complaint will be sufficient if it
follows the language of the ordinance; and the same strictness is not
required as in criminal prosecutions, and on the record the complaint
in this case appears to be sufficient.

4. ——: ——: INSTRUCTIONS. Instructions in this case appear to
be sufficient and fairly submit the issues to the jury.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*O. G. Williams* and *J. T. Devorss* for appellant.

(1) Respondent city of Trenton fails to prove its own corporate existence as the record nowhere discloses that it has availed itself of the general laws authorizing cities and towns to become incorporated and courts will not take judicial notice of such incorporation. *City of Hopkins v. R. R.*, 79 Mo. 98–100; *State v. Hays*, 78 Mo. 600–606; *Rousey v. Wood*, 47 Mo. App. 465–469; *Spurlock v. Dougherty*, 81 Mo. 171–180. (2) The record discloses no ordinance on which this action is sought to be based and "courts will not take judicial notice of the enactments of municipal corporations." *Cox v. City of St. Louis*, 11 Mo. 276; *City of St. Louis v. Roche*, 128 Mo. 544, 545; *City of Hopkins v. R. R.*, 79 Mo. 98; *State v. Hays*, 78 Mo. 600–606; *School Dist. v. Dornton*, 125 Mo. 439–443, 444; *Hambleton v. City of Dexter*, 89 Mo. 188–191; *Rousey v. Wood*, 47 Mo. App. 465–469; R. S. of Mo., sec. 4846. (3) The record nowhere shows an arraignment or plea of defendant and the judgment should be reversed. 117 Mo. 380; R. S. 1889, sec. 4347. (4) The same rules apply to prosecutions for misdemeanors, whether the action is founded on a general statute or on a municipal ordinance, and whether the party be arraigned before a police judge or before a judicial officer of the state. *Town of Greenwood v. Roberts*, 59 Mo. App. 167–171. (5) The information or complaint filed by the city attorney is bad. The indictment or information must be so definite in its terms as to render every right of defense to which the accused is entitled, practically

available at the trial. *State v. Morrison*, 64 Mo. App. 507–509; *State v. Martin*, 108 Mo. 117; *State v. Crooker*, 95 Mo. 389–395; *St. Louis v. Fitz*, 53 Mo. 582; *Dameron v. State*, 8 Mo. 494; *State v. Gardner*, 28 Mo. 90. Because the information does not charge that any of the offenses described therein were actually committed by any person or persons or that the defendant had any knowledge of even an intent to commit them by anyone. *Howell v. Stewart*, 54 Mo. 404.

*Hugh C. Smith* for respondent.

(1) It was not necessary to allege or prove the corporate existence of respondent city, as the courts of this state will take judicial notice thereof. The only way the corporate existence of respondent can be questioned is in a direct proceeding by the state, and a private person can not usurp this function. *City of St. Louis v. Shields*, 62 Mo. 247–252; Cooley's Const. Limitations, 254; *Inhabitants of the Town of Fredericktown*, 84 Mo. 59–65; *Thornton v. Bank*, 71 Mo. 221; *Whalin v. City of Macomb*, 76 Ill. 49–52. Defendant in a suit by a city to enforce a penalty for the violation of one of its ordinances can not question the corporate existence of a municipality recognized by the state as such. Sess. Acts, 1893, p. 67, sec. 1; *City of Billings v. Dunnaway*, 54 Mo. App. 1–3; *City of Clarence v. Patrick*, 54 Mo. App. 462–466; Cooley on Const. Limitations, 254; *Eubank v. City of Edina*, 88 Mo. 650–654; *Bowie v. City of Kansas*, 51 Mo. 454–460; Sess. Acts, 1893, p. 100, sec. 122; *City of Springfield v. Whitlock*, 34 Mo. App. 642, 646, 647. (2) The record shows the introduction of the ordinance mentioned in the city attorney's statement. It devolves upon appellant to show affirmatively that the trial court committed

error, and in the absence of such showing the presumption is that he did not. *Fay v. Gordon*, 133 Mo. 414, 426; *Bradley v. Reppell*, 133 Mo. 545–560; *St. Louis v. Weitzel*, 130 Mo. 600–612; *State v. Barnes*, 85 Mo. 47–50; *State v. Harkins*, 100 Mo. 666–671; *State v. Cunningham*, 100 Mo. 382; Elliott on Appellate Procedure, sec. 195. This case should be affirmed, it not only not appearing affirmatively that the ordinance was not introduced, but the bill of exceptions expressly showing that it was. *Taussig v. R'y*, 8 Mo. App. 578; *Tob. Co. v. Walker*, 123 Mo. 663–670; *Johnson v. Lullman*, 15 Mo. App. 55, 56; *State v. Schuchmann*, 133 Mo. 111. (3) The record does show appellant's arraignment, both in police court and in the circuit court. No arraignment was, however, necessary. *City of St. Louis v. Knox*, 74 Mo. 78–81; *Ex parte Hollowedell*, 74 Mo. 395. (4) This is a civil action and should be governed according to the rules applicable to civil procedure. *St. Charles v. Hackman*, 133 Mo. 634; *City of St. Louis v. Weitzel*, 130 Mo. 600, 612. (5) The information in this case is sufficient. Cases cited, *supra*, point 4; *St. Louis v. Weitzel*, 130 Mo. 600, 612, and cases then cited. These facts may be essential to establish defendant's guilt, but are not necessary allegations in the complaint or attorney's statement. *State v. Scaggs*, 33 Mo. 92, 93, 94; 1 Bishop, Crim. Law, sec. 1038; 2 Wharton, Crim. Law [9 Ed.], sec. 1450; *State v. Patterson*, 7 Ired. 70; *City of Savannah v. Dickey*, 33 Mo. App. 522, 523.

close that there was any proof adduced at the trial tending to show that the plaintiff was an incorporated city of the third class nor that it was incorporated at all. It was not necessary in a case of this kind to allege or prove that the plaintiff was incorporated. Under the provisions of section 1 of the act of April 19, 1893 (Session Acts 1893, p. 66), we are authorized to take judicial notice of the fact that the city of Trenton is incorporated a city of the third class. *City of Savannah v. Dickey*, 33 Mo. App. 522; *City of Billings v. Dunnaway*, 54 Mo. App. 1; *City of Clarence v. Patrick*, 54 Mo. App. 462. The plaintiff's corporate existence can not be collaterally called in question. It can be done only in a direct proceeding for that purpose by the state which authorized its creation. *St. Louis v. Shields*, 62 Mo. 247; *Fredericktown v. Fox*, 84 Mo. 59; *Thornton v. Bank*, 71 Mo. 221; *Shewalter v. Perner*, 55 Mo. 218; *Sand v. Coffman*, 50 Mo. 243; *Mathews v. Skinker*, 98 U. S. 621. There is no provision either in the local option law, article 2, chapter 56, Revised Statutes, nor in the statute relating to the restraining of animals running at large, article 2, chapter 5, Revised Statutes, nor in that relating to township organization, chapter 162, Revised Statutes, requiring the courts to take judicial notice of the adoption of said statutes, and therefore the adjudicated cases to which our attention has been called by the defendant have no application to the present case. *Rousey v. Wood*, 47 Mo. App. 465; *State v. Searcy*, 39 Mo. App. 393; *Hayward v. Guilford*, 69 Mo. App. 1.