A. W. STRAUB, Respondent, v. WM. A. SIMPSON et al., Appellants.

**St. Louis Court of Appeals, March 15, 1898.**

1. **Equity:** PRACTICE, TRIAL. Under the facts stated the demurrer should have been sustained, for the reason that plaintiff had a complete and adequate remedy by an action of replevin against the constable, and hence was not entitled to invoke the aid of equity.

2. **Chattel Mortgage.** The chattel mortgage to plaintiff contained a clause giving him the right to take possession in case of a sale or attempted sale of the property. When the constable levied upon the mortgaged property and refused to release it upon plaintiff's demand and notice of his title, the above condition was at once broken, and plaintiff's title ripened into full ownership, coupled with the right to immediate possession of the mortgaged effects.

3. **Judgment:** PRACTICE, TRIAL: INJUNCTION. Plaintiff is not entitled to resort to equity to enjoin the execution of a void judgment.

*Appeal from the St. Francois Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED AND REMANDED WITH DIRECTIONS.

WM. CARTER & WEBER with GEO. M. WILSON for appellants.

The trial court erred in overruling defendant's demurrer, and in entering final judgment upon said demurrer, making the temporary injunction theretofore granted in said cause final and perpetual, after defendants had elected to stand upon said demurrer, and had declined to plead further in said cause. Said demurrer should have been sustained by the court, on each and every ground assigned therein and respondent's petition dismissed. Sayre v. Tomkins, 23 Mo. 443; State v. R'y, 32 Mo. 496–498; Bank v. Meredith, 44 Mo. 500; Barron v. Davis, 46 Mo. 394; McPike v. Pew, 48 Mo. 525; Warrensburg ex rel. v. Miller, 77 Mo. 56.

M. R. SMITH for respondent.

The statute provides that "the remedy by writ of injunction * * * shall exist in all cases where an irreparable injury to real or personal property is threatened * * * whenever in the opinion of the court an adequate remedy can not be afforded by an action for damages." R. S. 1889, sec. 5510; Echelkamp v. Schrader, 45 Mo. 505, 508; Bailey v. Wade, 24 Mo. App. 189; Bank v. Kercheval, 65 Mo. 682; Burns' Ann. Pract. Code (Mo.), pp. 1050–1051. This suit is to enjoin executions issued upon judgments alleged to be void in pais, not absolutely so, on the face of the record. Gazallo v. McCann, 63 Mo. App. 414, and citations; Parks v. Bank, 97 Mo. 130; Brooks v. Owens, 112 Mo. 265. The judgment not being void, and not being alleged to be void in petition, except by parol, the case of R'y v. Lowder is not an authority in this case. R'y v. Lowder, 38 S. W. Rep. 550. The appellant, Simpson, constable, expected, of

course, to put his purchasers in possession of the parts of the property by them bought, to have recovered which respondent would have had to bring a number of suits, and to prevent which, a writ of injunction should issue. 1 High on Inj. [3 Ed.], sec. 65; Parks v. Bank, 31 Mo. App. 17; Bailey v. Wade, 24 Mo. App. 189; R'y v. Lowder, 38 S. W. Rep. 551; Stratton v. Packer, 14 Atl. Rep. 587.

BOND, J.—The American Crushed Granite Company executed a mortgage on its crusher and other appurtenances to secure a note for $4,000, payable to Frank G. Cossman. Cossman assigned and transferred the note to A. W. Straub. Thereupon the American Crushed Granite Company executed a chattel mortgage to said Straub on the crusher and other property which it had removed to St. Francois county, to secure the payment of said note, on the fourth of December, 1896. This mortgage was duly recorded and contained a clause giving the mortgagee possession, in case of sale or attempt to sell. This property of the Granite Company was operated in St. Francois county by J. H. Gilchrist, under a lease to him from the company, expiring December 1, 1896.

Five suits were brought against the American Crushed Granite Company in that county by laborers upon claims for wages. These suits were reduced to judgments before a justice of the peace, amounting in the aggregate to $684.21. Executions were placed in the hands of W. A. Simpson, a constable, who levied the same on the property of the company in that county by subdividing it into five parts and levying one execution upon each part, and advertised to sell said property on Monday, the fourth of January, 1897. Straub, the assignee of the note secured by the mortgage, gave notice of his title and demanded the release of the

levies, and, upon refusal, brought this suit in equity to enjoin the sales under said executions, on the ground that the judgments upon which they were issued were rendered without service of process upon the defendant company, and without any appearance on its part. A demurrer was filed by the defendants on the ground that the petition did not state facts sufficient to constitute a cause of action in equity, and that it appeared from the face of the petition that the plaintiff had an adequate remedy at law, and was not entitled to the relief by injunction. The court overruled this demurrer. Defendants elected to stand thereon, whereupon the court entered final judgment making the injunction perpetual, from which defendants appealed to this court. Under the facts stated the demurrer should have been sustained, for the reason that plaintiff had a complete and adequate remedy by an action of replevin against the constable, and hence was not entitled to invoke the aid of equity. The chattel mortgage to plaintiff contained a clause giving him the right to take possession in case of a sale or attempted sale of the property. When the constable levied upon the mortgaged property and refused to release it upon plaintiff's demand and notice of his title, the above condition was at once broken, and plaintiff's title ripened into full ownership, coupled with the right to immediate possession of the mortgaged effects. State ex rel. v. Althaus, 60 Mo. App. 129; State to use v. Murphy, 64 Mo. App. 63; State ex rel. v. White, 70 Mo. App. 1; Fahy v. Gordon, 133 Mo. 414. This being so, there was no legal obstacle to an action of replevin by plaintiff against the constable for all the property seized by him which was embraced in the mortgage given to secure the note held by plaintiff; nor was there any occasion for more than one suit, for although five executions were in the hands of the constable, yet he was in

possession of all the property upon which such executions were levied. There is, therefore, in this case no ground of equitable interference to avoid the multiplicity of suits. Neither is plaintiff entitled to resort to equity to enjoin the execution of a void judgment. The supreme court has recently announced (in a case certified by us) that the mere fact that a judgment has been obtained without service of process on the defendant and is for this reason void, although apparently valid on the face of the proceedings, does not authorize resort to equity to enjoin its execution. R'y v. Lowder, 138 Mo. 533. As the record in this case fails to show any other distinctive ground for relief in equity, the rule announced by the supreme court must control our decision in this case. The result is that the judgment herein is reversed and the cause remanded, with directions to the trial court to sustain the demurrer and permit a repleader by plaintiff, if he is so advised. All concur.