WILLIAMS COOPERAGE COMPANY, Appellant, v.
BOLLINGER et al., Respondents.

**St. Louis Court of Appeals, February 5, 1907.**

1. **JUDGMENT: Void Judgment: Setting Aside.** A judgment rendered before a justice of the peace in favor of the plaintiff which does not mention the amount for which the judgment is rendered is void on its face and an action will not lie on the part of the defendant to set it aside, because there is nothing to set aside.

2. **PLEADING: Improper Joinder of Causes: Demurrer.** Section 593, Revised Statutes of 1899, divides actions into seven classes and provides that causes of action coming under any one of those classes may be joined, but a cause of action coming under one can not be joined with a cause coming under another; an equitable action to set aside a judgment is improperly joined with an action to recover specific personal property, and when, so joined the petition is demurrable.

Appeal from Bollinger Circuit Court.—*Hon. Robert A. Anthony,* Judge.

AFFIRMED.

*Phillips & Phillips* and *Charles Revelle* for appellant.

(1) Legal and equitable causes of action may be set forth in the same petition if separately stated, and where they arise out of the same transaction or transactions connected with the subject of action. Sec. 593, R. S. 1899; Henderson v. Dickey, 50 Mo. 165; Morrison v. Herrington, 120 Mo. 669; McHoney v. Ins. Co., 44 Mo. App. 428. (2) The counts, it is true, belong to separate classes, but they are separately stated, with appropriate relief sought in each, precisely as by law is required.

*Hope & Drum* for respondent.

(1)  This court will observe that not a single cent either for debt or costs, is stated in the "judgment," as copied in the petition, to be adjudged against plaintiff. In setting out the judgment *in haec verba,* does not the petition show on its face that the judgment it seeks to cancel and enjoin is void? Donovan v. Railroad, 89 Mo. 146; Straub v. Simpson, 74 Mo. App. 230; Berry v. Anderson, 2 How. (Miss.) 649; People v. Pirfenbrink, 96 Ill. 68; Polhemus v. Perkins, 3 Green (N. J.) 435; Faulk v. Kellmus, 54 Ill. 189; Boyken v. State, 3 Yerg. 426.  (2)  Another fatal defect in the petition is this: the statute (section 593) requires causes of action united in one petition to belong to one and the same class of actions. The statute divides actions into seven classes, and provides that when two or more causes of action are united in one petition they must all belong to one of these seven classes. Bliss, Code Plead. (3 Ed.), sec. 112; Sec. 598, R. S. 1899.

BLAND, P. J.—Omitting caption and signatures, the petition is as follows:

"Plaintiff states that it is a corporation duly organised and existing under and by virtue of the laws of the State of Missouri, and that the defendant, Alex. Martin, is the duly elected, qualified and acting constable of Wayne township, Bollinger county, Missouri.

"Plaintiff for its cause of action states that on or about the —— day of April, 1904, it is informed and so states the facts to be that the above named defendant, B. H. Bollinger, instituted some kind of legal proceedings against this plaintiff before one M. E. Helton, a justice of the peace within and for said Wayne township, Bollinger county, Missouri, the object and general nature of which said suit was to recover damages from this plaintiff for certain alleged injuries theretofore said to have been received by said Bollinger; that after-

wards, to-wit: on the seventh day of May, A. D. 1904, a summons was issued by the said justice of the peace commanding the said·constable of Wayne township to summons the H. D. Williams Cooperage Company to appear before him on the thirtieth day of May, 1904, to answer the claim of said Bollinger; plaintiff further states that said summons was placed in the hands of the above defendant, Alex. Martin, constable as aforesaid, to be served upon the plaintiff in this case, being the defendant in that case; but plaintiff alleges that the said constable did not serve the said summons upon this plaintiff, as the law directs, that is to say, said summons was not served on the president or other chief officer of the plaintiff, nor was, it left at any business office of the plaintiff in said township, or in any other township in said county, with any person having charge thereof at the time; but on the contrary the plaintiff alleges the fact to be that said Alex. Martin, constable as aforesaid, delivered a copy of said summons to one John A. Harrold, a day laborer, in the employ of the plaintiff as a day laborer, and who was not then and there an officer of the plaintiff company, and who did not then and there have charge of any business office of the plaintiff; plaintiff further states that afterward and before the thirtieth day of May, 1904, the day set for the trial of the pretended cause of action, said constable made the following return upon said summons issued as aforesaid, to-wit: 'I hereby certify that I served the within writ in the county of Bollinger on the twentieth day of May, 1904, by delivering a copy of the within writ on John Harrold, foreman of their stave factory in Wayne township, Bollinger county, Missouri,. and I, C. A. Cobin, deputy constable for Wayne township, county and State aforesaid, hereby certify that I served the within summons by delivering a copy of the within writ to John Harrold, an agent of said defendant, H. D. Williams Cooperage Company, at their usual business office of

said defendant, the said John Harrold being then and there in charge of said office, the president or chief officer being absent from the county of Bollinger and could not be found in said county.'

"Plaintiff further states that afterwards, to-wit: on the thirtieth day of May, A. D. 1904, said pretended cause of action came on to be heard before the said M. F. Helton, who thereupon rendered judgment for the plaintiff, B. H. Bollinger, in that case, and a co-defendant herein, for the sum of one hundred and fifty dollars, together with the costs and against this plaintiff, which said judgment is in words and figures as follows, to-wit: 'Summons returned this twenty-first day of May, 1904, the case being called at 10 o'clock and the parties not appearing, case continued until 1 o'clock p. m. And now to-wit, on this thirtieth day of May, comes plaintiff and asks to amend his statement, heretofore filed, by inserting and interlining, which he is by the court permitted to do. Now comes plaintiff and defendant being called comes not but makes default herein. Whereupon plaintiff introduced evidence to sustain the allegations on his part, it is ordered by the justice that judgment be rendered in favor of plaintiff for the amount above named.'

"Plaintiff further states that said judgment was rendered by said justice of the peace without said justice then and there having jurisdiction of the person of the plaintiff, H. D. Williams Cooperage Company, and said Cooperage Company did not then and there appear to said case, but plaintiff states that said judgment and all proceedings thereunder appear regular upon their face; that pursuant to the said pretended judgment, the said justice of the peace afterwards, to-wit, on the —— day of June, 1904, issued an execution in favor of said B. H. Bollinger and against this plaintiff for the sum of one hundred and fifty dollars and the costs, and placed said execution in the hands of the above named defend-

ant, Alex. Martin, who then and there illegally went beyond the confines of his jurisdiction, that is to say, outside of the limits of the said township of Wayne, and into Liberty township No. 1, of said Bollinger county, and of which township one Wiley Devault is constable, and then and there unlawfully levied said illegal execution upon four hundred thousand white-oak staves, the property of this plaintiff, and which are of the reasonable value of five thousand dollars, and by his notice duly posted on said property threatening to sell the same on the twenty-eighth day of July, 1904, to satisfy said illegal judgment of one hundred and fifty dollars and costs. Plaintiff further states that said constable, Alex. Martin, further by virtue of said illegal execution as aforesaid, unlawfully levied upon one stave factory, the property of the plaintiff and of the value of four hundred and fifty dollars; plaintiff further states that it owns large tracts of timber lands in said Bollinger county, Missouri, and other real property and that said pretended and illegal judgment upon a transcript being filed in the office of the clerk of the circuit court of said county would cast a cloud upon plaintiff's title to all of said land and subject the same to levy and pretended sale, and would compel the plaintiff to institute a multiplicity of suits to remove said cloud. That the defendant B. H. Bollinger is insolvent and unable to respond in damages herein and that the constable, Alex. Martin, is insolvent and he and his bondsmen would be unable to respond in damages, the amount of his bond being only the sum of two thousand dollars, should he be permitted to sell said property levied on as aforesaid.

"Wherefore, the premises considered, the plaintiff prays that said judgment so rendered as aforesaid be by the court declared null, void and of no effect and that the defendants be further restrained from trying to collect said void judgment.

"And plaintiff for another and further cause of action herein and for a second count to this petition states: That on the — day of July, 1904, plaintiff was, is now and for a long time prior thereto was a corporation duly organized under the laws of the State of Missouri, and as such was on the — day of July, 1904, the owner of and lawfully entitled to the possession of certain goods and chattels of the value of five thousand dollars, and described as follows, to-wit: Four hundred thousand white-oak staves now situated on plaintiff's mill yard located on part of the east half of lot No. 1, of the northeast quarter of section three, township twenty-nine north, range ten east in Bollinger county, Missouri, and that afterwards on the same day, defendants wrongfully took said property from the possession of plaintiff and still unjustly detains the same at the said county of Bollinger and State of Missouri, to plaintiff's damage in the sum of five hundred dollars. Plaintiff further states that said property is wrongfully detained by the defendants at said county and that the same was wrongfully taken and that its right of action accrued within one year next before the filing of this petition; that said property has not been seized under any process or execution or attachment against the property of this plaintiff and that plaintiff will be in danger of losing said property unless it is taken out of the possession of the defendants or otherwise secured.

"Wherefore plaintiff demands judgment against defendants for the recovery of the possession of said goods and chattels and five hundred dollars damages for their taking and detention; and in case a delivery of said property cannot be had, then plaintiff asks judgment for five thousand dollars, the value thereof."

Defendants demurred to the petition, assigning the following grounds:

"1. That the two causes of action attempted to be

set up in said petition cannot be united in the same petition.

"2.    That it does not appear by said petition that the two causes of action attempted to be set up arose out of the same transaction or transactions connected with the same subject of action.

"3.    The two causes of action do not belong to one class as required by law.

"4.    The two causes of action do not affect all the parties to this action and there is a misjoinder of parties.

"5.    The facts set out in said first count of this petition do not constitute, under the law, any cause of action against the defendant."

The court sustained the demurrer and (plaintiff declining to plead further) rendered judgment for defendant.

1.    The serious trouble with the first count of the petition is that it affirmatively appears on its face, that the justice did not render any judgment against plaintiff herein.    The docket entry of the justice, after reciting preliminary matters, concludes: "Whereupon plaintiff introduces evidence to sustain the allegations on his part, it is ordered by the justice that judgment be rendered in favor of plaintiff for the amount above named."    For what amount the justice intended to render judgment is not stated.    Freeman says:    "A judgment, though upon the merits or determining some substantial right, which leaves necessary further judicial action before the rights of the parties are settled is not final."    [1 Freeman on Judgments, sec. 15.    See also State v. French, 118 Mo. App. l. c. 18, et seq., 93 S. W. 295.]    The rights of the parties were not fully adjudicated.    An essential fact, the damages plaintiff was entitled to, was nowhere stated or found by the justice, hence there was nothing upon which he could issue an execution.    [St. Louis, Iron Mountain & Southern Rail-

way Company v. Reynolds, 89 Mo. 146; Straub v. Simpson, 74 Mo. App. 230.] There was, therefore, nothing for the court to set aside, and the demurrer to the first count was properly sustained.

2. Was there an improper joinder of two causes of action in the petition? By section 593, Revised Statutes 1899, actions are divided into seven classes, and the section provides that a plaintiff may unite several causes of action coming under any one of the seven classes, whether legal or equitable, or both, in the same petition, provided they are separately stated. Claims to recover personal property are in the sixth class and stand alone. No other form of action is classed with them. It necessarily follows that no action coming in any of the other classes specified in the section can be joined in an action for the recovery of specific personal property. In an action to set aside a judgment on equitable grounds, if the plaintiff is successful and an execution has been issued on the judgment and a levy made, both the execution and levy must fail by the setting aside of the judgment, and an order to that effect will be granted for the mere asking. There was, therefore, no necessity for the second count in plaintiff's petition, as all the relief to which it was entitled might have been, and should have been incorporated in its bill to set aside the judgment. The judgment is affirmed. All concur.